UNITED STATES, Appellee,

v.

Charles L. BERTELSON, Private, U. S. Army, Appellant.

No. 32,573.

SPCM 11901.

U. S. Court of Military Appeals.

Aug. 22, 1977.

*Colonel Alton H. Harvey, Captain John C. Carr,* and *Captain Derryl W. Peden,* were on the pleadings for Appellant, Accused.

*Major John T. Sherwood, Jr., Major Steven M. Werner,* and *Captain Gay M. Holmes,* were on the pleadings for Appellee, United States.

Opinion of the Court

PERRY, Judge:

By special court-martial, which consisted of military judge alone, the appellant was tried and convicted of violating Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, for distributing methamphetamine. His sentence included a bad-conduct discharge, forfeiture of $200 pay per month for 3 months, and confinement at hard la-

bor for 3 months. The convening authority approved the findings, but suspended the punitive discharge with provision for automatic remission. His conviction was subsequently affirmed by the United States Army Court of Military Review.

We granted review to consider the appellant's contention that the military judge erred by accepting as evidence a stipulation of fact amounting to a confession, allegedly in contravention of paragraph 154b(1) of the Manual for Courts-Martial, United States, 1969 (Revised edition). This paragraph provides, *inter alia*, that whenever "an accused has pleaded not guilty and the plea still stands, a stipulation which practically amounts to a confession should not be received in evidence."

I

Clearly, the stipulation now repugned by the appellant amounted to a total confession of guilt. Indeed, the appellant had stipulated to the truth of *every* inculpatory fact charged against him. At his trial, where he pleaded not guilty, he stipulated that he sold three plastic baggies, each containing approximately 100 white methamphetamine tablets (a controlled substance), to an undercover agent for $70.[1] This stipulation, which made out a *prima facie* case for the Government, was admitted as evidence by the military judge, thus assuring the appellant's conviction without the production of prosecutorial evidence. It is true that the appellant could have presented the defense of entrapment, which would have required us to review this issue in a different light. However, because he did not present that defense, his stipulation admitted every essential fact and amounted to a confession of guilt.

We reject the contention that such a confessional stipulation[2] cannot be admitted under any circumstances. Though ordinarily a confessional stipulation should be excluded as evidence,[3] an accused may nonetheless consent to its admission. Thus, we agree with the United States Air Force Court of Military Review that a military judge, notwithstanding paragraph 154b(1) of the Manual, may admit a stipulation which amounts practically to a confession provided that the accused has first knowingly, intelligently and voluntarily consented to its admission. *United States v. Rempe*, 49 C.M.R. 367 (A.F.C.M.R.1974). If an accused and his lawyer, in their best judgment, think there is a benefit or advantage to be gained by entering otherwise objectionable evidence, as in *Rempe* where

1. In fact, the appellant pleaded not guilty only because the military judge at the initial Article 39(a) session rejected his proffered plea of guilty as improvident since he claimed that he lacked predisposition to commit the act. His plea had been tendered in accordance with a pretrial agreement which provided that if he pleaded guilty to the charge the convening authority would suspend the punitive discharge with provision for automatic remission. As a way of circumventing the rejection of his guilty plea in order that the sentence limitation of the pretrial agreement would *still be honored* by the convening authority, the appellant stipulated to his guilt which, in effect, was the equivalent of pleading guilty to the charge.

2. As used hereinafter, a "confessional stipulation" is a stipulation which practically amounts to a confession. We believe that a stipulation can be said to amount "practically" to a judicial confession when, for all facts and purpose, it constitutes a *de facto* plea of guilty, *i. e.*, it is the equivalent of entering a guilty plea to the charge. This definition is very apparent when we consider the reason for which the exclusionary rule in paragraph 154b(1) of the Manual was promulgated in the first place, which is, as stated in *United States v. Wilson*, 20 U.S.C. M.A. 71, 74, 42 C.M.R. 263, 266 (1970) (Ferguson, J., dissenting):

> It would be highly inconsistent to [otherwise] allow an accused who has declared his innocence by means of a not guilty plea to immediately admit his guilt in the form of a stipulation of fact and thereby relieve the Government of its burden to prove his guilt beyond a reasonable doubt.

*But compare id.* at 72, 42 C.M.R. at 264 where it is stated that "[t]he Manual provision suggests that something less than a total and unequivocal confession of guilt is encompassed by its terms." However, something less than a full admission by the accused of *all* of the elements of the charge would not be inconsistent with a plea of not guilty, for a stipulation can only be inconsistent if the accused admitted to *all* the conduct charged.

3. *See United States v. Wilson*, 20 U.S.C.M.A. 71, 42 C.M.R. 263 (1970).

the accused consented to the admission of a confessional stipulation in order to preserve an error for appellate review, we perceive no reason why they should not be their own judges with leeway to do so.[4] We intimated in *United States v. Gustafson*, 17 U.S.C.M.A. 150, 37 C.M.R. 414 (1967), that the accused may purposely consent to the introduction of evidence which would otherwise necessarily be excluded, even if the evidence constituted a violation of his fundamental constitutional right. In *Gustafson*, the accused consented to the introduction of a statement obtained in violation of his *Miranda-Tempia* rights.[5] However, once the accused knowingly consents to the admission of any objectionable evidence, it is irretrievable. *United States v. Gustafson, supra; United States v. Frederick*, 3 M.J. 230 (C.M.A.1977).

■ However, in the instant case, it is not clear whether the accused understood that his stipulation could not ordinarily be admitted specifically in light of paragraph 154*b*(1) of the Manual. The military judge only apprised the accused that if he did not understand its meaning and did not agree to it, the stipulation could not be accepted. On the other hand, from all the circumstances, it appears that the accused eagerly desired and sought its admission. But the issue here is not so much whether the accused desired the admission of the stipulation as it is whether he knew it was inadmissible as evidence unless he preferred to have it admitted. As in *Rempe, supra*, we believe the military judge was required to expressly communicate to the appellant before accepting his confessional stipulation that under the Manual it could not be accepted without his consent. Absent such communication, its acceptance constituted

error. Further, the military judge was required to apprise the accused, as he did here, that the Government has the burden of proving beyond a reasonable doubt every element of the offense and that by stipulating to material elements of the offense, the accused alleviates that burden.

## II

Moreover, since the stipulation was actually a full admission of guilt, the trial judge was obligated to make a further inquiry to assure that the Government was not circumventing either the letter or the spirit of Article 45(a), UCMJ, 10 U.S.C. § 845(a). The statute bars acceptance of a plea of guilty if an accused "sets up matter inconsistent with the plea" or enters a plea "improvidently or through lack of understanding of its meaning and effect".

The underlying considerations which led us to adopt the *Care*[6] inquiry also are present in cases like this one where the accused has stipulated to every criminal element charged. Consequently, a similar, although not identical, inquiry was required here. Judge Ely, dissenting in *United States v. Terrack*, 515 F.2d 558, 561–62 (9th Cir. 1975), correctly pointed this out:

> The prosecution argues, and the majority appears to agree, that the fact that the stipulation was not formally designated as a guilty plea is determinative, even though its consequences were precisely the same as a guilty plea, assured conviction without any production of prosecutorial evidence. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) does not support that conclusion. In *Boykin*, the Supreme Court noted that a guilty plea has the following characteristics:

---

4. We perceive no purpose which is served by requiring the accused and the Government to proceed with the perfunctory motions of such a trial in a case where the accused wants no trial; openly admits guilt; concedes the absence of, as well as offers, no defense; obviously has no defense; and objects to nothing put up by the Government. This would be plain judicial waste. Yet, this is not to say that the military judge could not refuse to accept a stipulation, for indeed, the ultimate decision to accept or

reject it rests on the gingerly exercise of his sound discretion.

5. *See United States v. Tempia*, 16 U.S.C.M.A. 629, 37 C.M.R. 249 (1967), and *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

6. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

"A plea of guilty is more than a voluntary confession made in open court, it also serves as a *stipulation* that no proof by the prosecution need be advanced. . . . It supplies both evidence and verdict, ending controversy." (emphasis added) (citation omitted.) *Id.* at 243–44, 89 S.Ct. at 1712 n. 4.

Terrack's *stipulation* to the prosecution's entire case was, exactly like a guilty plea, a stipulation that no proof by the prosecution was necessary. Once the stipulation was made, the controversy was effectively terminated, and accordingly, the trial judge summarily made his judgment of conviction. Thus, Terrack's stipulation contained the basic characteristics that, under Supreme Court doctrine, delineate a plea of guilty. This being true, all incidents to the acceptance of a plea of guilty should attach.

Assuring the continued vitality of Article 45(a) is also relevant. To allow the Government to enter into pretrial agreements conditioned upon a stipulation (as opposed to a plea) of guilt coupled with a promise not to raise any defense or motion would utterly defeat the congressional purpose behind Article 45(a), for it would allow the Government to avoid the hurdles Congress imposed in Article 45(a) while nevertheless reaping benefits equivalent to a guilty plea.

■ We therefore hold that where a stipulation constitutes an acknowledgment of guilt, the trial judge, in addition to making the inquiry set forth in Part I of this opinion, must also ascertain from the accused on the record that a factual basis exists for the stipulation. *See United States v. Terry*, 21 U.S.C.M.A. 442, 45 C.M.R. 216 (1972). The trial judge also shall conduct a plea bargain inquiry in accordance with the guidelines set forth in *United States v. Green*, 24 U.S.C.M.A. 299, 52 C.M.R. 10, 1 M.J. 453 (1976). Should this plea bargain inquiry reveal the existence of an agreement not to raise defenses or motions, the confessional stipulation will be rejected as inconsistent with Article 45(a). *See United States v. Holland*, 23 U.S.C.M.A. 442, 50 C.M.R. 461, 1 M.J. 58 (1975). *See also Schmeltz v. United States*, 1 M.J. 273 (1976).

For the reasons set forth above, the decision of the United States Army Court of Military Review is reversed. The findings and sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Chief Judge FLETCHER concurs.

COOK, Judge (dissenting):

Under the Manual for Courts-Martial, a stipulation may not be admitted into evidence "if any doubt exists as to the accused's understanding of what is involved." Paragraph 154b (1), Manual for Courts—Martial, United States, 1969 (Revised edition). As a result, the practice is for counsel to announce that a stipulation is with "the consent of the accused," and for the trial judge to satisfy himself of the accused's understanding of the content of the stipulation and his consent as to its admission into evidence. *Id.*, GUIDE–TRIAL PROCEDURE at A8–16 and A8–19. Here, two stipulations were admitted into evidence before those that are in issue. The first was a written stipulation, as to which the accused acknowledged that he knew he did not "have to enter into" it, and if he did not, the prosecution would be required "to prove these matters"; on the other hand, if the stipulation were accepted, the judge could take "all of this as being true." The second stipulation was oral, and the accused acknowledged he heard trial counsel recite the content and that he consented to it. Stipulations 3 (prosecution exhibit 2) and 4 (prosecution exhibit 3) are those in question.

Stipulation 3 recited the circumstances of the offense charged, and stipulation 4 constituted a definition of "[s]peed" as "a vernacular term commonly used to describe . . . methamphetamine," the substance which was the subject matter of the charge. Each recited that it was with the express consent of the accused and each was signed by the accused. Before their acceptance into evidence, the trial judge

examined the accused and questioned defense counsel, as follows:

MJ: All right. Private Bertelson, do you know what a stipulation of fact is?

AC: Yes, I do, Your Honor.

MJ: All right. Now, this stipulation which I have before me marked Prosecution Exhibit 2 for identification apparently has your signature. Is that your signature?

AC: Yes, it is.

MJ: Now, if I accept this stipulation of fact, I would be able to accept as being true everything which is stated in this stipulation. Do you understand that?

AC: Yes, I do.

MJ: Now, this stipulation cannot be accepted unless you understand its meaning, and unless you agree to it.

AC: Yes, I do.

MJ: And this is true also with respect to Prosecution Exhibit 3 for identification. You have a copy of that before you?

AC: Yes, I do.

MJ: All right. Is there any objection, defense counsel?

DC: No, Your Honor, there is not.

MJ: Defense counsel, you don't consider there is anything here inconsistent with what the accused told me?

DC: No, Your Honor, I do not.

MJ: All right. Prosecution Exhibits 2 and 3 for identification are received into evidence as Prosecution Exhibits 2 and 3.

On the basis of the record I agree with the majority that the accused "desired and sought" that the stipulations be admitted into evidence, especially as they were entered into after rejection of his plea of guilty. On the same basis, I disagree with the majority's conclusion that the accused did not know that a stipulation was inadmissible if he did not consent to it. I further disagree with the majority's statement that, as a matter of law, the trial judge is required to apprise the accused that every fact to which he may consent, which relates to an element of the offense, relieves the Government of the obligation of proving that fact. No such requirement is imposed either by the Uniform Code or the Manual, and I know of no decision to that effect by this Court. *See United States v. Cambridge*, 3 U.S.C.M.A. 377, 12 C.M.R. 133 (1953).

In my opinion, the majority are also mistaken in their description of the stipulation as a "full admission of guilt," and in their extrapolation therefrom of a requirement that the trial judge examine the accused as though he did enter a plea of guilty. I believe the description is entirely inaccurate in the context of what transpired at the trial. The majority acknowledge that the trial judge conducted the required hearing at the appropriate place in the proceeding. As a result of his examination of the accused, the judge rejected the proffered plea of guilty because what the accused said indicated a possible defense of entrapment. *See United States v. Ponder*, 45 C.M.R. 428 (A.F.C.M.R.1972), *petition denied* 45 C.M.R. 928 (1972). Such a defense is a confession of the commission of a crime, but avoids criminal responsibility because of the nature of the Government's role in it. *United States v. Bouie*, 9 U.S.C.M.A. 228, 234, 26 C.M.R. 8, 14 (1958); *see also United States v. Russell*, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973). In this state of the record, the stipulations admitting the commission of the offense charged did not constitute a confession of guilt. On the contrary the accused was still free to present his previously implied defense of entrapment. Thus the stipulations covered only half the anticipated issues. To emphasize that point, the trial judge specifically questioned defense counsel about whether they were "inconsistent with what the accused had told" the judge when examined earlier as to his understanding of the nature and effect of his plea of guilty. Only when assured by defense counsel that he did not "consider" the stipulations to be inconsistent did the judge admit them. Indeed, the stipulations were not inconsistent with the right to assert entrapment.

The Manual provides that the trial judge may, in his discretion, "permit a party to withdraw from a stipulation which has been received in evidence". Paragraph 154*b*(1),

MCM 1969 (Rev.). The judge extended that opportunity to the accused, but the opportunity was declined. Unlike a plea of guilty which must be vacated if the accused introduces any matter "inconsistent with the plea," Article 45, Uniform Code of Military Justice, 10 U.S.C. § 845, nothing in the Code or the Manual requires disregarding a stipulation of fact because the accused elects not to present evidence of a possible defense that he has indicated he may have to the charge. I perceive no error in the trial judge's ruling in regard to the stipulations in issue.

I would affirm the decision of the United States Army Court of Military Review.