## UNITED STATES

v.

Airman Carlos RIVERA, FR 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
United States Air Force.

ACM S25252.

U. S. Air Force Court of Military Review.

Sentence Adjudged 10 April 1981.

Decided 21 Aug. 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Wade B. Morrison.

Appellate Counsel for the United States: Colonel James P. Porter and Lieutenant Colonel Bruce R. Houston.

Before EARLY, POWELL and MILLER, Appellate Military Judges.

### DECISION

EARLY, Chief Judge:

Despite his pleas the accused was convicted of possession of marijuana and cocaine, violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. A military judge, sitting as a special court-martial, sentenced him to a bad conduct discharge, confinement at hard labor for three months, forfeiture of $334.00 per month for six months and reduction to airman basic. The supervisory authority approved the

sentence but remitted all confinement remaining subsequent to 8 May 1981. The accused is now on excess leave.

Appellate defense counsel contend that the military judge erred by accepting a confessional stipulation without proper advisement of the accused. We agree.

██ The apparent thrust of the defense at trial was to contest the legality of the search of the accused which produced the evidence supporting the charges referred.[1] As the trial was before judge alone, a procedure was agreed upon whereby the evidence relating to the search would be done as part of the trial itself in order to save repeating such evidence should the ruling go against the accused as to the search issue. It would appear that the accused's plea of not guilty was entered mainly to preserve the search issue. As the facts supporting the probable cause for the search were being developed, defense counsel objected to further testimony going beyond the actual apprehension of the accused as follows:

> DC: Your honor, if I may at this time, I would like to object to further testimony along this course. There will be a stipulation being entered into and we would be willing to stipulate as to any further testimony of the nature of which I believe that Captain Pierson is now eliciting, and therefore I think it is accumulative.

Trial counsel concurred and concluded his examination at that point.

After all the evidence was taken and arguments made, the military judge inquired:

> MJ: I take it someone is going to tell me clearly that as . . . .
>
> \*    \*    \*    \*    \*    \*

a result of this perusement by the dog that the accused was in some manner on his person physically searched, was that physical search the result of apprehension or the result of a warrant issued or what?

\*    \*    \*    \*    \*    \*

> I take it also that somebody is going to tell me that contraband was found as a result of that physical search, is that correct? That the motion is directed specifically towards that specific conflict?

The stipulation of fact was offered at this point. It related the events leading up to the granting of authority to search the person of the accused, the finding of marijuana and cocaine, the results of the laboratory tests confirming the existence of the contraband, and concluded: "The possession of the above described marijuana and cocaine by the accused was wrongful and was to the prejudice of good order and discipline in the Armed Forces."

██ The military judge made an extended inquiry as to the accused's *understanding* of the facts admitted by the stipulation but did not advise him of the *import* of these facts as they affected his not guilty plea. This was error. Manual for Courts-Martial, 1969 (Rev.), paragraph 54*f*(1); *United States v. Bertelson*, 3 M.J. 314 (C.M.A.1977).

██ Where a stipulation admitting all the essential elements of the offenses charged is offered after the accused has entered a plea of not guilty, the military judge is required to advise the accused of the Manual provision and that the Government has the burden of proving beyond a reasonable doubt every element of the offenses charged, and, that by his stipulation the accused has relieved the Government of that burden. *United States v. Bertelson,*

---

1. In his request for appellate representation, the accused again challenged the ruling of the military judge denying the motion to suppress evidence obtained from the search. We find the ruling to be correct in law and fact. *United States v. Middleton*, 10 M.J. 123 (C.M.A.1981); *United States v. Grosskreutz*, 5 M.J. 344 (C.M.A.1978); *United States v. Lecappelain*, 9 M.J.

562 (A.F.C.M.R.1980). In brief the evidence shows that a military drug dog alerted on the person of the accused in a common area of the barracks. The accused was apprehended, and authority was sought from the base commander to search the accused. After proper advisement of the factual background to show probable cause, authority was granted.

*supra.* A full inquiry on the record must be made to insure that the accused understands the *import* of his stipulation and fully consents to the receipt into evidence of the stipulation, and the military judge must conduct an inquiry similar to that required by *United States v. Care,* 18 U.S.C. M.A. 535, 40 C.M.R. 247 (1969).[2] *United States v. Bertelson, supra, United States v. Aiello,* 7 M.J. 99 (C.M.A.1979); Article 45(a), Code, 10 U.S.C. § 845(a), *supra.*

Since the stipulation in question supplied the only evidence of what was found on the accused's person, as well as the unlawfulness of that possession, the failure to comply with the above procedures constituted error, *cf., United States v. Long,* 3 M.J. 400 (C.M.A.1977). Even where, as here, the accused desires the acceptance of the stipulation, such advice is mandatory. *United States v. Bertelson; United States v. Aiello*; both *supra.*

■ Having found acceptance of the confessional stipulation to be improper, we direct proceedings in revision to correct the action of the trial court.[3] Article 62(b), Code, 10 U.S.C. § 862(b), *supra*; paragraphs 80 and 86d, Manual, *supra. See, United States v. Steck,* 10 M.J. 412 (C.M.A. 1981). At such continuation of the original trial, the military judge shall revise the improper portion of the proceedings by conducting a full and complete inquiry of the accused as to his understanding of the effect of his consent to the stipulation in accordance with this opinion and *United States v. Bertelson, supra.* This will include: an explanation of the accused's rights against self-incrimination, right to trial of the facts by a court-martial, and right to confrontation, which would all be relinquished in the event the stipulation were accepted and findings of guilty based thereupon were entered; an inquiry into the existence of any plea bargain agreement with the convening authority or any other authority, and, if such is revealed, an explanation of its nature and terms including an agreement among the parties at trial as to its total meaning and effect; advice to the accused that under the Manual provision, the stipulation would not be accepted as evidence without his consent; and an assurance from the accused that he understands that, by agreeing to the stipulation, he is relieving the Government of its burden of proving all of the elements of the offense beyond a reasonable doubt.

The military judge is empowered to make all rulings necessary to revise the trial proceedings to correct the deficiencies noted above. The accused will be permitted to withdraw from the stipulation, or, if appropriate, it may be rejected *sua sponte* by the military judge. In either such event, the military judge will set aside the findings of guilty and the sentence, and return the original record of trial and the authenticated record of the revision proceedings to the convening authority, who will order a rehearing or dismiss the charges.

If the military judge determines that proceedings in revision have resolved the deficiencies noted above, the authenticated record of those proceedings, together with the original record of trial, will be forwarded directly to this Court for further review.

POWELL, Senior Judge, and MILLER, Judge, concur.

---

**2.** The military judge must also conduct a plea bargain inquiry which satisfies the requirements of *United States v. Green,* 1 M.J. 453 (C.M.A.1976), and reject the stipulation should an agreement not to raise defenses or motions be revealed. If an agreement is discovered, the inquiry must be expanded to satisfy the requirements of *United States v. King,* 3 M.J. 458 (C.M.A.1977).

**3.** The original convening order will be amended, by appropriate special order, to reflect any necessary changes to personnel. Paragraph 80 *b,* Manual for Courts-Martial, 1969 (Rev.). Although the accused was tried by military judge alone, the portion of the proceedings requiring revision does not involve the fact finding or adjudicatory functions performed by the military judge in lieu of members at a bench trial. Therefore, a new military judge may be detailed, by appropriate amending order, to replace Judge Noble who has been reassigned from California to Germany. The accused will be afforded the opportunity to challenge for cause any newly detailed military judge. If the court-martial has been dissolved, or the convening authority otherwise deems it appropriate, a rehearing may be ordered or the charges dismissed.