UNITED STATES

v.

**Airman First Class Robert A. THOMAS,
FR 409–31–4357 United States
Air Force.**

**ACM 23594.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 15 April 1982.
Decided 15 Nov. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major William H. Lamb.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major George D. Cato.

Before HEMINGWAY, CANELLOS and RAICHLE, Appellate Military Judges.

DECISION

CANELLOS, Judge:

In a general court-martial consisting of military judge alone, the accused was found guilty, in accordance with his pleas, of wrongful possession and transfer of marijuana. He was also found guilty, contrary to his pleas, of the offense of wrongful solicitation to possess marijuana, by offering to transfer such marijuana, or, alternatively, guilty of the offense of attempting to wrongfully transfer marijuana. The accused was sentenced to a bad conduct discharge, confinement at hard labor for 30 months, total forfeitures, and reduction to airman basic.

The accused submits this case on its merits; however, he points out to this Court

that the military judge erred by returning what purport to be alternative findings of guilty. This alleged error has been mooted by the supervisory authority's disapproval of the alternative finding of guilty of attempting to transfer marijuana. We do note, however, that the military judge failed to properly inquire into a confessional stipulation which applied to the offense of wrongful solicitation, to which the accused pled not guilty. In order to adequately discuss this issue, a recital of the pertinent facts is necessary.

Upon being arraigned, the accused indicated that he intended to plead guilty to the charge and the four specifications thereunder. The military judge then inquired into the providency of the proposed plea, and during the providency hearing admitted into evidence a stipulation of fact, a videotape, and some real evidence. The stipulation was confessional in nature and admitted facts sufficient to prove each of the elements of the charged offenses. Prior to admitting the stipulation into evidence, the military judge ascertained that the accused had read the stipulation. He advised the accused that he was not required to consent to it, and that if he did not consent, the government would be required to prove all those facts by legal and competent evidence. The accused then agreed to the stipulation.

During the providency hearing, the military judge evinced some uncertainty regarding the law of solicitation as it applied to this case. Prior to making findings, he stated:

> For the record, I will specifically state that I find the law with respect to what, if any, requirement exists in the law that the accused initiate the conduct characterized or charged as solicitation to be uncertain, and I will leave to the appellate courts a review of the propriety of my ruling with respect to Specification 4, Charge I. I will state that I am not satisfied beyond a reasonable doubt that the accused initiated the request to have Airman James possess marijuana on 16 October 1981. I am satisfied beyond a reasonable doubt, based on my observation of the actions and demeanor of the accused, that he was energetic and enthusiastically insistent, approaching compulsion, in his desire that he consummate a transfer of marijuana between himself and Airman James.

Apparently, because of this uncertainty, the accused changed his plea to not guilty to the solicitation offense. After pleas, neither counsel made an opening statement, and both sides had nothing further to offer. The military judge then entered findings of guilty to *all* offenses.

■ The Manual for Courts-Martial, United States, 1969 (Rev.), paragraph 154*b* (1), provides: "If an accused has pleaded not guilty and the plea still stands, a stipulation which practically amounts to a confession should not be received into evidence." In the case of *United States v. Bertelson,* 3 M.J. 314 (C.M.A.1977), the Court held that despite the Manual provision, a military judge may accept a confessional stipulation if the accused knowingly, intelligently and voluntarily consents to its admission. The Court required the military judge to make an inquiry on the record detailing to the accused: the Manual provision; that the government has the burden of proving each and every element of the offense charged; and that by stipulating to the material elements of the offenses he has alleviated that burden. In addition, the military judge must assure himself that the accused voluntarily entered into the stipulation with the full knowledge of all facts available, and the ramifications of such act. *United States v. Aiello,* 7 M.J. 99 (C.M.A. 1979); *United States v. Rempe,* 49 C.M.R. 367 (A.F.C.M.R.1974). If a stipulation of fact is admitted for a purpose other than an adjudication of guilt, e.g., to determine the providency of a guilty plea, and thereafter the plea is changed to not guilty, the military judge must satisfy the *Bertelson* inquiry requirements. *United States v. Morris,* 9 M.J. 597 (A.F.C.M.R.1980). A full inquiry similar to that utilized to determine the providency of a guilty plea must be made to insure that the accused understands the import of his stipulation and fully consents to its receipt into evidence.

*United States v. Rivera,* 12 M.J. 532 (A.F.C. M.R.1981).

▇ In the present case, the military judge did not inquire into the stipulation after the plea of not guilty had been entered. Such failure constitutes error. Having determined that the military judge erroneously considered the stipulation of fact without conducting the required *Bertelson* inquiry, we must discount any consideration of this stipulation in our determination of whether there was proof beyond a reasonable doubt that the accused committed the offense to which he pled not guilty. The plea of guilty which was withdrawn and all statements made by the accused in connection therewith may not be considered. Mil. R.Evid. 410. Also, the evidence admitted during the providency hearing was admitted for the limited purpose of determining the providency of the plea and may not be considered on the merits. Mil.R.Evid. 105. We have determined that absent this, there is no evidence of record to support a finding of guilty of the wrongful solicitation specification. We therefore disapprove the finding of guilty of that offense.

Because of our disposition above, we need not decide whether in a charge of wrongful solicitation it is necessary to prove that the accused initiated the conduct which led to the wrongful act. Likewise, because of the action of the supervisory authority, it is unnecessary to decide whether alternative findings are authorized in a trial by court-martial.*

Having disapproved the finding of guilty of one specification, we will reassess the sentence. We find appropriate only so much of the sentence as provides for a bad conduct discharge, confinement at hard labor for 10 months, forfeiture of all pay and allowances, and reduction to airman basic.

The findings of guilty and the sentence, both as modified herein, are

AFFIRMED.

HEMINGWAY, Senior Judge, and RAICHLE, Judge, concur.

* The Manual for Courts-Martial, United States, 1969 (Rev.), paragraph 74*b*(1) provides: "... Permissible findings include guilty; not guilty; guilty with exceptions, with or without substitutions, and not guilty of the exceptions and guilty of any substitutions...."