UNITED STATES, Appellee,

v.

Private E-1 Henry L. ENLOW, 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, United States Army, Appellant.

ACMR 8800112.

U.S. Army Court of Military Review.

17 Aug. 1988.

---

942

For appellant: Lieutenant Colonel Joel D. Miller, JAGC, Captain Mary C. Cantrell, JAGC (on brief).

For appellee: Lieutenant Colonel Gary F. Roberson, JAGC.

Before COKER, GILLEY, and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT

KENNETT, Judge:

Tried by a military judge sitting as a special court-marital, appellant was convicted, contrary to his pleas, of going from his appointed place of duty, a one-day absence without authority (AWOL), and failing to go to his appointed place of duty (a lesser included offense of a charged missing movement) in violation of Article 86, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 886 (1982), and willful disobedience of a noncommissioned officer in violation of Article 91, UCMJ, 10 U.S.C. § 891 (1982). His approved sentence consists of a bad-conduct discharge, confinement for three months, and forfeiture of $443.00 pay per month for three months.

Appellant initially entered pleas of guilty to all alleged offenses. Before advising appellant of the elements of any of these offenses, the military judge admitted in evidence a confessional stipulation of fact which enumerated facts sufficient to prove each of the offenses. The judge then listed the elements of the alleged unauthorized departure from appellant's appointed place of duty, and asked appellant to relate the factual circumstances of that offense. Appellant's recitation prompted the judge to declare a recess so that appellant could consult with his defense counsel. Following the recess, appellant withdrew his pleas of guilty to all alleged offenses and entered pleas of not guilty.

The trial counsel began the government's case by requesting readmission of the aforementioned confessional stipulation of fact. The military judge determined that appellant and his defense counsel remained parties to the stipulation and that they sought its admission. The judge advised appellant that "the court cannot necessarily just allow you to stipulate to facts which may amount to a judicial confession." He advised appellant that the government had the burden of proving each element beyond a reasonable doubt, and that the defense, by entering into the stipulation, was "relieving the government of its obligation to prove these facts by legal and competent evidence." When asked why he was entering into the stipulation, appellant replied he understood "that all the offenses that are outlined on this document don't require much proof," and he believed himself to be guilty. The judge ascertained from counsel and appellant the nonexistence of any pretrial agreement or any agreement connected with the confessional stipulation. The judge then accepted the stipulation in evidence.

After the government presented the testimony of one witness on the alleged unauthorized departure from appellant's appointed place of duty, the judge reopened his inquiry into the admissibility of the confessional stipulation. He advised appellant that a discussion of the facts set forth in the stipulation was required, and that the stipulation was inadmissible unless appellant authorized the court "to look at [it]." The judge questioned appellant about the facts set forth in the stipulation by paraphrasing it and asking clarifying questions. With some exceptions, appellant agreed with the factual recitations in

the stipulation. The judge deleted from the stipulation those sentences with which appellant did not agree,[1] and readmitted the stipulation. The government and the defense presented further testimonial evidence on the merits,[2] and the judge entered the findings of guilty previously noted in this opinion.

Rule for Courts–Martial [hereinafter R.C.M.] 811(c)[3] provides that the military judge, before accepting a stipulation in evidence, must be satisfied the parties consent to its admission.

If the stipulation practically amounts to a confession to an offense to which a not guilty plea is outstanding, it may not be accepted unless the military judge ascertains: (A) from the accused that the accused understands the right not to stipulate and that the stipulation will not be accepted without the accused's consent; that the accused understands the contents and effect of the stipulation; that a factual basis exists for the stipulation; and that the accused, after consulting with counsel, consents to the stipulation; and (B) from the accused and counsel for each party whether there are any agreements between the parties in connection with the stipulation, and, if so, what the terms of such agreements are.

M.C.M., 1984, R.C.M. 811(c) Discussion. The foregoing Discussion is based on *United States v. Bertelson*, 3 M.J. 314 (C.M.A. 1977), which defined a confessional stipulation thusly:

[A] "confessional stipulation" is a stipulation which practically amounts to a confession. We believe that a stipulation can be said to amount "practically" to a judicial confession when, for all facts and purpose, it constitutes a *de facto* plea of guilty, *i.e.*, it is the equivalent of entering a guilty plea to the charge.

*United States v. Bertelson*, 3 M.J. at 315 n. 2. As a confessional stipulation is the equivalent of entering a guilty plea, the Court of Military Appeals in *Bertelson* established certain procedures for the admission of such stipulations. As we stated in *United States v. Cozine*, 21 M.J. 581, 584 (A.C.M.R.1985):

These procedures mirror, to a great extent, those which must be met before a guilty plea is accepted. Thus, before admitting a confessional stipulation into evidence, the military judge must be satisfied that an accused has "knowingly, intelligently and voluntarily consented to its admission." *United States v. Bertelson*, 3 M.J. at 315. To establish such knowing, intelligent and voluntary consent, the military judge must, *inter alia*, conduct inquiries similar to those mandated for guilty pleas, *United States v. Care*, 40 C.M.R. 247 (C.M.A.1969), and pretrial agreements, *United States v. Green*, 1 M.J. 453 (C.M.A.1976), respectively. *United States v. Bertelson*, 3 M.J. at 316–17.

The guilty plea inquiry requirements of *United States v. Care, supra,* and its progeny are found, generally, in Rule for Courts–Martial 910(c). Some of the factors of which the accused must be advised by the military judge are: (1) the nature of the offense to which the guilty plea is offered;[4] (2) the maximum possible penalty provided by law; (3) the right against self-incrimination; (4) the right to trial of the facts by a court-martial; (5) the right to confront and cross-examine the witnesses against him; and (6) that, by pleading guilty, the accused waives the aforementioned three constitutional rights.

In this case, the judge satisfied only a portion of the required *Bertelson* inquiry. He determined that there was no pretrial agreement or any other agreement in connection with the confessional stipulation.

---

1. The deletions removed from the stipulation the discussion of the alleged missing movement.

2. The testimony did not encompass the alleged one-day AWOL.

3. Manual for Courts–Martial, United States, 1984 [hereinafter M.C.M., 1984], Part II.

4. The Discussion to Rule 910(c)(1) states that "[t]he elements of each offense to which the accused has pleaded guilty should be described to the accused."

In this regard, he satisfied the *Green* inquiry portion of the *Bertelson* mandate. He did not, however, satisfy all of the *Care* inquiry requirements of *Bertelson*. Although *Bertelson* states that "a similar, although not identical [*Care*], inquiry" is required, *United States v. Bertelson*, 3 M.J. at 316, "all incidents to the acceptance of a plea of guilty should attach" to the *Bertelson* inquiry. *United States v. Bertelson*, 3 M.J. at 317, quoting from *United States v. Terrack*, 515 F.2d 558, 562 (9th Cir.1975) (Judge Ely, dissenting). The judge, by not advising appellant *during* the *Bertelson* inquiry of (1) the elements of each charged offense to which the confessional stipulation was entered, (2) the maximum possible penalty imposable for the charged offenses discussed in the stipulation, and (3) the waiver of the three constitutional rights enumerated above, failed to satisfy the *Bertelson* requirement for an inquiry "similar" to the *Care* guilty plea inquiry. In this regard, he also failed to ascertain that appellant understood the "effect of the stipulation." R.C.M. 811(c) Discussion. Accordingly, the confessional stipulation was improperly admitted in evidence and cannot be considered by us in determining whether "there was proof beyond a reasonable doubt that [appellant] committed the offense[s] to which he pled not guilty." *United States v. Thomas*, 15 M.J. 528, 530 (A.F.C.M.R.1982), *petition denied*, 15 M.J. 308 (C.M.A.1983).

■■■ In view of the deficient *Bertelson* inquiry in this case and the nonuniform *Bertelson* inquiries included in other records of trial reviewed by this court, we deem it advisable to provide guidance for our trial judges with respect to such inquiries.[5] The judge should utilize the *Care*

and *Green* inquiries set forth in Chapter 2 of the Military Judges' Benchbook (Department of the Army Pamphlet 27–9, May 1982),[6] tailoring those inquiries to the details of the confessional stipulation and its attendant consequences. If the judge has already read the stipulation during an inquiry into proposed guilty pleas (subsequently changed to not guilty pleas) and thus knows that the stipulation is confessional, he should initially advise the accused that, because a plea of not guilty has been entered, the confessional stipulation may be accepted in evidence only with the accused's consent and that the accused has a right not to stipulate. If the accused pleads not guilty and the judge is presented with a stipulation of fact which he does not know is confessional, he should conduct the preliminary inquiry set forth in the judges' benchbook for the admissibility of any stipulation of fact. Upon reading the stipulation and realizing it is confessional, the judge should advise the accused of the normal inadmissibility of a confessional stipulation in the face of a not guilty plea, that the accused has a right not to stipulate, and that the confessional stipulation may be received in evidence only with the accused's consent. He should inform the accused that the government has the burden of proving each and every element of the charged offenses by legal and competent evidence beyond a reasonable doubt, and that, by entering into a confessional stipulation, the accused is furnishing the government with that evidence.[7]

■■■ Having completed the foregoing advice to the accused, the judge should then commence tailored guilty plea and pre-

---

5. Our guidance is not intended to be all-encompassing and the *Bertelson* inquiry may be enlarged as required by the facts and circumstances facing a military judge. We believe, however, that the items specifically mentioned in this guidance are required for a proper *Bertelson* inquiry and should not be omitted by the trial judge.

6. As each trial judge has a copy of this benchbook, we will not repeat verbatim each inquiry set forth therein.

7. *Bertelson* explained this requirement in the following manner:

Further, the military judge was required to apprise the accused ... that the Government has the burden of proving beyond a reasonable doubt every element of the offense and that by stipulating to material elements of the offense, the accused alleviates that burden. *United States v. Bertelson*, 3 M.J. at 316. *Accord United States v. Aiello*, 7 M.J. 99, 100 (C.M.A.1979); *United States v. Sawinski*, 16 M.J. 808, 812 (N.M.C.M.R.1983).

trial agreement inquiries.[8] With respect to the guilty plea inquiry, the judge should substitute the words "confessional stipulation" for the words "plea of guilty" or "plea" in the standard guilty plea inquiry. The judge should advise the accused of the three aforementioned constitutional rights and that the accused is waiving these rights by entering into a confessional stipulation. He should advise the accused of the maximum possible penalty imposable for the charged offenses discussed in the confessional stipulation. The judge should list and explain the elements of each charged offense described in the stipulation. To establish the factual basis for the stipulation, the judge should examine the stipulation with the accused and explain to him which sentences of the stipulation satisfy each element of proof. The judge should obtain the accused's assurance that each sentence of the stipulation is true, thus ensuring that the accused's acts or omissions described in the stipulation encompass each and every element of the charged offenses. If the accused contradicts a sentence in the stipulation, that sentence must be deleted. *See United States v. Cozine, supra.*[9] The judge should ascertain the existence or nonexistence of a pretrial agreement or any other agreement in connection with the stipulation, and conduct a tailored *Green* inquiry into the provisions of such agreement. The judge should then conclude the *Bertelson* inquiry by tailoring the questions in the standard guilty plea inquiry to fit those necessary in determining the admissibility of the confessional stipulation.[10]

Our review of the record of trial convinces us beyond a reasonable doubt that there is evidence independent of the confessional stipulation satisfying the elements of proof of each offense of which appellant was found guilty, except for the one-day AWOL. Although we could return this case for a proceeding in revision at which the military judge would conduct a *Bertelson* inquiry into the admissibility of that portion of the stipulation dealing with the one-day AWOL, *see United States v. Rivera,* 12 M.J. 532, 534 (A.F.C.M.R.1981), we decline to do so in the interest of judicial economy. Instead, we will set aside the affected guilty finding and reassess the sentence. With respect to sentence reassessment, we note the military judge incorrectly admitted a summarized record of proceedings under Article 15, UCMJ (DA Form 2627–1), during the sentencing portion of trial.[11] In view of the offenses of which appellant was found guilty, his dismal rehabilitative potential as a soldier, and the overall record of trial, we are convinced the military judge would have adjudged a bad-conduct discharge and confinement and partial forfeitures for two months even had he acquitted appellant of the one-day AWOL and not considered the summarized

8. Because the accused has entered pleas of not guilty, there is no requirement that he be placed under oath during the inquiry into the admissibility of the confessional stipulation. *Cf.* R.C.M. 910(e).

9. Deletion of a sentence or sentences from the stipulation may result in the stipulation becoming nonconfessional in whole or in part. *See United States v. Dulus,* 16 M.J. 324 (C.M.A.1983). If the deletion renders the entire stipulation nonconfessional, as, for example, when only one offense is discussed in the stipulation, the *Bertelson* inquiry should be terminated, and the judge should conduct the standard inquiry into the admissibility of a nonconfessional stipulation of fact. If the government objects to deletion of a sentence or sentences from the confessional stipulation, it has the option, as does the defense, of withdrawing from the stipulation.

10. For instance, the judge should ascertain that all parties still agree to the stipulation, that the accused is satisfied with his counsel's advice with respect to entering into a confessional stipulation, that the accused has not been forced to enter into the stipulation and is doing so of his own free will, and that the accused, after consultation with his counsel, consents to the admission of the stipulation.

11. Army Regulation 27–10, Military Justice, para. 5–25a (4) (1 July 1984), expressly excludes summarized Article 15 proceedings from admission in evidence under R.C.M. 1001(b)(2) & (d). The staff judge advocate noted the erroneous admission of the Article 15 in his posttrial recommendation, and stated that, in his opinion, the error had no prejudicial impact on sentencing.

Article 15 proceedings in determining his sentence. *See United States v. Sales*, 22 M.J. 305 (C.M.A.1986).

The finding of guilty of Specification 2 of Charge I is set aside and that specification is dismissed. The remaining findings of guilty and only so much of the sentence as provides for a bad-conduct discharge, confinement for two months, and forfeiture of $443.00 pay per month for two months are affirmed.

Senior Judge COKER and Judge GILLEY concur.