UNITED STATES, Appellee,

v.

Staff Sergeant Mack A. FLOYD,
416–90–7497, United States
Army, Appellant.

ACMR 8902753.

U.S. Army Court of Military Review.

3 Oct. 1990.

For Appellant: Major John R. Lee, JAGC USAR, Captain Brian D. Bailey, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Maria C. Fernandez, JAGC, Captain Clay E. Donnigan, JAGC (on brief).

Before NAUGHTON, CORRIGAN and JOHNSTON, Appellate Military Judges.

OPINION OF THE COURT

CORRIGAN, Judge:

Contrary to his pleas, appellant was found guilty by a military judge sitting as a special court-martial of drunken driving and wrongful use of cocaine in violation of Articles 111 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 911 and 912a (Supp. V 1987) [hereinafter UCMJ]. His approved sentence provides for a bad-conduct discharge, confinement for two months, forfeiture of $400.00 pay per month for two months, and reduction to the grade of Private E1.

Appellant contends the military judge erred in admitting a stipulation of fact that was tantamount to a guilty plea without sufficient inquiry to determine if appellant knowingly, intelligently, and voluntarily consented to the content of the stipulation and its admission. Specifically, he asserts that the military judge should have conducted a providence inquiry as required by *United States v. Bertelson*, 3 M.J. 314 (C.M.A.1977), in the manner this court detailed in *United States v. Enlow*, 26 M.J. 940 (A.C.M.R.1988). *See* Manual for

Courts–Martial, United States, 1984, Rule for Courts–Martial 811(c) discussion [hereinafter R.C.M. 811(c) discussion]. We disagree.

The use of cocaine charge was based on the results of a urinalysis. In opening argument, the trial defense counsel told the military judge that appellant would contest the wrongfulness of the use of cocaine by showing unknowing ingestion. The trial counsel then suggested a stipulation of fact to "speed up [the] trial". After a recess, the trial counsel announced that the government, the accused, and his counsel had agreed to the following stipulation of fact:

> Number one, that the accused ingested cocaine on or before the 27th of March 1989; number two, that the procedures for administering urinalysis testing on that date were properly followed; number three ... [t]he chain of custody for the testing of the urine specimen was unbroken.... And number four, Prosecution Exhibit Number 1 for identification, a litigation packet is true and accurate and shows that the accused tested positive for cocaine use on or before the 27th of March 1989.

The military judge then inquired whether the appellant consented to the oral stipulation; understood the effect it would have on the admission of proffered contradictory evidence; and, understood that the appellant saved the government the necessity of proving the stipulated facts with testimony of other witnesses and with other evidence. R.C.M. 811(c) and (e).

Appellant argues to us that the stipulation is confessional because the facts therein together with reasonable inferences are sufficient to support a finding of guilty of wrongful use of cocaine. *See United States v. Kunkle,* 23 M.J. 213 (C.M.A.1987); *United States v. Harper,* 22 M.J. 157 (C.M.A.1986); Manual for Courts–Martial, United States, 1984, Part IV, para. 37(5), analysis at A21–95. The government, on the other hand, contends that the stipulation is not tantamount to a confession because the element of wrongful use of cocaine was

contested at trial. *See United States v. Long,* 3 M.J. 400 (C.M.A.1977).

Establishing a litmus test for determining when a stipulation of fact is tantamount to a confession of guilt, thereby triggering the requirement for a *Bertelson* inquiry, has defied appellate courts. The search has been well documented. *See United States v. Kepple,* 27 M.J. 773 (A.F. C.M.R.1988), *aff'd,* 30 M.J. 213 (C.M.A. 1990). The Manual defines a confessional stipulation requiring a *Bertelson* inquiry as follows:

> A stipulation practically amounts to a confession when it is the equivalent of a guilty plea, that is, when it establishes, directly or by reasonable inference, every element of a charged offense *and* when the defense does not present evidence to contest any potential remaining issue on the merits.

R.C.M. 811(c) discussion (emphasis added).

The stipulation here is not confessional because the appellant contested the element of wrongfulness. Although the military judge as finder-of-fact could reasonably infer wrongful use from the stipulated fact that the appellant ingested cocaine, at the time he accepted the stipulation the military judge had been informed that the accused would contest whether the use was wrongful.

 If believed, the evidence presented at trial validly raised the defense of innocent use. *See Harper,* 22 M.J. at 162, 163 (government has burden of persuasion on issue of wrongfulness when innocent use raised). Appellant testified that he was given a cigarette at a party. When he started smoking it, he "noticed something wasn't right." It tasted funny to him. The woman who gave it to him said the cigarette was laced with a drug. On cross-examination, appellant stated he intended to inform his commander the next day. The next morning, when he learned that a urinalysis was scheduled that afternoon, he decided to wait and see if he came up positive. *United States v. Ford,* 23 M.J. 331, 334 (C.M.A.1987) (the inference of wrongful use may still be drawn where defense evidence contrary to the inference

may reasonably be disbelieved by the fact-finder).[1] Since the trial defense counsel informed the military judge *before* the offer of the oral stipulation that appellant would contest wrongfulness, *and* subsequently he validly raised this defense, the test described in the Manual was met and no *Bertelson* inquiry was required.

 Stipulations of fact are often offered at pretrial Article 39(a), UCMJ, sessions. Unlike here, trial defense counsel often fail to inform military judges whether a defense will be raised. Or, as in this case, the sequence of events does not technically meet the sequency described in the discussion of R.C.M. 811(c), *i.e.*, presentation of evidence contesting an issue before acceptance of the stipulation of fact in evidence. It would be error if a military judge were to prematurely accept a confessional stipulation without the *Bertelson/Enlow* inquiry, and no evidence is presented or no valid defense is raised.[2] If a stipulation of fact is offered at a time when the trial defense counsel has not indicated how the defense will proceed and that stipulation is confessional, the military judge should inquire whether the accused intends to contest an element of the offense to which the stipulation applies. If no contest will be forthcoming or if the proffered evidence does not contest any potential remaining issue on the merits, then a *Bertelson* inquiry, as detailed in *Enlow*, is required.

We have carefully considered the issues personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge NAUGHTON and Judge JOHNSTON concur.

---

1. We are satisfied that there is sufficient evidence of the wrongful use of cocaine to support a finding of guilty beyond a reasonable doubt to that Charge. We find appellant's claim that he intended to report his innocent use of cocaine not credible. In addition, the military judge was in the better position to judge the credibility of the appellant's testimony concerning his ingestion of cocaine.

2. This could result in a mistrial in a court with members.