UNITED STATES, Appellee,

v.

Private E1 Claudius D. BANKS, 225–96–6806, United States Army, Appellant.

ACMR 9100631.

U.S. Army Court of Military Review.

11 March 1993.

For Appellant: Captain Robert Lane Carey, JAGC (argued); Captain Robin N. Swope, JAGC (on brief).

For Appellee: Major Kenneth T. Grant, JAGC (argued); Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Maria S.L. Chapa, JAGC (on brief). Lieutenant Colonel Joseph A. Russelburg, JAGC.

Before JOHNSON, WERNER, and GRAVELLE, Appellate Military Judges.

**1004**

## OPINION OF THE COURT

JOHNSON, Senior Judge:

Pursuant to mixed pleas, the appellant was convicted by a military judge sitting as a general court-martial of twelve specifications of disobeying an order of a commissioned officer and six specifications of aggravated assault, in violation of Articles 90 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 890 and 928 (1982) [hereinafter UCMJ]. His approved sentence consists of a dishonorable discharge, confinement for ten years, and forfeiture of $600.00 pay per month for 120 months.

Shortly after he entered active duty, the appellant was diagnosed as being positive for the Human Immunodeficiency Virus (HIV). He was medically evaluated at Fort Sill, Oklahoma, and, in accordance with Army Reg. 600–110, Personnel–General: Identification, Surveillance, and Administration of Personnel Infected with Human Immunodeficiency Virus (HIV) (11 Mar. 1988), counseled by the Fort Sill HIV Program Coordinator. On 26 November 1990, the appellant was ordered by his commander that if he could not abstain from sex he must use a condom or other form of barrier protection and that he must advise any prospective sexual partner of his medical condition. Between 29 November 1990 and 12 January 1991, the appellant engaged in sexual intercourse with three different women. The appellant did not inform any of his sexual partners of his medical condition nor did he wear a condom during sexual intercourse.

The appellant has assigned three errors: first, that his plea of guilty to Charge I (aggravated assault) is improvident; second, that the evidence was insufficient to support the findings of guilty of Additional Charge I (aggravated assault) and Additional Charge II (disobeying an officer); and third, that he was denied effective post-trial assistance of counsel.

■ The appellant contends that his plea of guilty to Charge I was improvident because it lacked the factual predicate to support the plea. He asserts that his admissions during the providence inquiry did not prove that having unprotected sexual intercourse while infected with the HIV virus would "likely inflict death or grievous bodily harm" on his sexual partner. Specifically, the appellant argues that he was unaware at the time he pled guilty of the statistical probabilities involved in the transmittal of the HIV virus to another through sexual intercourse. Therefore, his admission that his acts of unprotected sexual intercourse constituted an aggravated assault is of no effect. We disagree and find his plea provident.

■ It is now axiomatic that an HIV positive soldier can be convicted of assault for having unwarned and unprotected sexual intercourse. *United States v. Johnson*, 30 M.J. 53, 56 (C.M.A.), *cert. denied*, 498 U.S. 919, 111 S.Ct. 294, 112 L.Ed.2d 248 (1990); *United States v. Schoolfield*, 36 M.J. 545 (A.C.M.R.1992); *United States v. Joseph*, 33 M.J. 960 (N.M.C.M.R.1991). *But see United States v. Perez*, 33 M.J. 1050, 1053 (A.C.M.R.1991) (evidence of record was that Perez had a vasectomy and was not able to transmit the HIV virus). The Court of Military Appeals has specifically held that an accused's semen containing the HIV virus is a means likely to produce death or grievous bodily harm. *Johnson*, 30 M.J. at 57. Furthermore, "[w]hether the conduct of the accused involves a 'means ... used in a manner likely to produce death or grievous bodily harm' is a question to be determined by the factfinder." *Id.*

> The evidence need not establish that death or grievous bodily harm was highly probable or even more likely than not, and no required statistical probability can be found in decisional law. It is for the fact finder to consider all the evidence and determine beyond a reasonable doubt whether the risk of harm meets the general statutory requirement, although the law clearly does require that the risk amount to more than "merely a fanciful, speculative, or remote possibility" of harm.

*Joseph*, 33 M.J. at 964 (footnote omitted).

Here, the evidence came in the form of testimony by the appellant during the prov-

idence inquiry and through a stipulation of fact entered into by the appellant. During the guilty plea inquiry, the military judge correctly stated the elements of the offenses in question and correctly defined "grievous harm" and "means or force." After being advised of the elements of the offenses, the appellant acknowledged that he understood that his plea admitted that each of the elements of the offenses accurately described what he did. The appellant then admitted that the elements correctly described his conduct.

We find that the military judge's providence inquiry sufficiently complies with the provisions of Manual for Courts–Martial, United States, 1984, R.C.M. 910(e) [hereinafter R.C.M.] and *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (C.M.A. 1969).

■ In his second assignment of error, the appellant argues that the military judge erred in finding him guilty of the two additional contested charges, because he improperly used the stipulation of fact, entered into in connection with the pleas of guilty, to prove the elements of the two additional charges without obtaining the appellant's consent to do so. The government disagrees, arguing that the stipulation of fact was admitted into evidence after a complete and thorough inquiry of the appellant as required by *United States v. Bertelson*, 3 M.J. 314 (C.M.A.1977) and therefore, was properly considered by the military judge; and that even if the military judge did err, there was sufficient additional evidence presented to support his findings of guilty of the additional charges. We disagree with the government and find that, absent the factual admissions contained in the stipulation of fact, the government failed to provide sufficient evidence to support the military judge's findings on the two additional charges.

Pursuant to the terms of his pretrial agreement with the convening authority, the appellant entered into a stipulation "of the facts and circumstances surrounding the offense" and agreed that the stipulation could "be used to inform the ... military judge ... of matters pertinent to an appropriate finding and/or sentence." The pretrial agreement provided that if the appellant's plea was not accepted, the stipulation would be "null and void." The agreement is silent as to whether the stipulation could be considered on the merits as to the elements of the contested charges.

In the stipulation, the appellant admitted, *inter alia*, that he willfully disobeyed the "safe sex" order given by his commander and that each time he had sexual intercourse, he assaulted his sexual partner "with a means likely to produce death [or] grievous bodily harm by knowingly and unlawfully exposing [them] to the HIV-infection by engaging in sexual intercourse with [them] without using a condom or any other form of barrier protection." The appellant also stipulated that he knew he was infected with the virus but did not inform his sexual partners of his medical condition prior to sexual intercourse and that the infection "can be transmitted through sexual intercourse and that he was aware of this at the time of each assault." Attached to the stipulation of fact was a Preventive Medicine Counseling Record and a General Counseling form outlining the risk of the appellant's condition to himself and others and the restrictions imposed upon him by his commander.

■ "Before accepting a stipulation in evidence, the military judge must be satisfied that the parties consent to its admission." R.C.M. 811(c).

> If the stipulation practically amounts to a confession to an offense to which a not guilty plea is outstanding, it may not be accepted unless the military judge ascertains: (A) from the accused that the accused understands ... that the stipulation will not be accepted without the accused's consent; ... and that the accused, after consulting with counsel, consents to the stipulation....

R.C.M. 811(c) discussion. A stipulation amounts to a confession when, "for all facts and purpose, it constitutes a *de facto* plea of guilty, *i.e.*, it is the equivalent of entering a guilty plea to the charge." *Bertelson*, 3 M.J. at 315 n. 2; *United States v.*

*Long*, 3 M.J. 400, 401 (C.M.A.1977); *United States v. Enlow*, 26 M.J. 940, 943 (A.C.M.R. 1988). *See also* R.C.M. 811 analysis, app. 21, at A21–44.

■ Having defined a confessional stipulation, the court in *Bertelson* established certain procedures for the admission of such stipulations. "These procedures mirror, to a great extent those which must be met before a guilty plea is accepted." *Enlow*, 26 M.J. at 943 (quoting *United States v. Cozine*, 21 M.J. 581, 584 (A.C.M.R.1985). They require a military judge to ascertain from an accused that he has "knowingly, intelligently and voluntarily consented" to the admission of the stipulation and to conduct inquiries similar to those enunciated in *Care*. *Bertelson*, 3 M.J. at 315; *Enlow*, 26 M.J. at 943; *Cozine*, 21 M.J. at 584. The obvious and necessary purpose behind these procedures is to prevent the government from accomplishing indirectly that which it could not do directly (*i.e.*, place before the factfinder the equivalent of a confession without inquiring whether an accused understands and consents to the admission of such a stipulation). As stated in *United States v. Wilson*, 20 U.S.C.M.A. 71, 74, 42 C.M.R. 263, 266 (1970) (Ferguson, J., dissenting):

> It would be highly inconsistent to allow an accused who has declared his innocence by means of a not guilty plea to immediately admit his guilt in the form of a stipulation of fact and thereby relieve the Government of its burden to prove his guilt beyond a reasonable doubt.

In this case, the stipulation of fact was specifically admitted into evidence for the limited purpose of facilitating the providence inquiry as to those charges to which the appellant pled guilty. If the appellant's plea of guilty had not been accepted by the military judge, the stipulation would have been "null and void." Furthermore, the military judge's own advice to the appellant limited the use of the stipulation so that "if [he admitted] the stipulation into evidence it [would] be used in two ways. First, ... to assist in determining if [the appellant was], in fact, guilty, and, second, ... in selecting an appropriate sentence...." We find nothing in the record of trial to indicate that the military judge discussed any further uses of the stipulation with the appellant.

Under the circumstances of this case, we find that the stipulation of fact entered into by the appellant amounted to a confession and could not be considered by the military judge as to those charges to which the appellant pled not guilty without the military judge again conducting the required *Bertelson* inquiry and obtaining the appellant's consent to do so in accordance with R.C.M. 811(c). *Bertelson*, 3 M.J. at 317; *Enlow*, 26 M.J. at 943. However, inasmuch as the record is silent as to whether the military judge actually considered the stipulation of fact on the merits of the two additional charges, we must look to the remaining evidence which was before him to determine whether the evidence was sufficient to uphold his findings.

■ Without the facts contained in the stipulation, the military judge was left only with the testimony of Ms. S and Sergeant S. Together, their testimony tended to prove that the appellant had consensual sexual intercourse with them; that he did not use a condom; and that he did not inform them that he was HIV positive. However, no evidence was presented by the government to prove that the appellant had been medically diagnosed as having the HIV virus; that the virus could be transmitted to another individual through sexual intercourse; or that the appellant had been given a "safe sex" order by his commander. Absent these additional facts, we find the government's evidence against the appellant to be insufficient to support a finding of guilty of Additional Charge I and Additional Charge II.

Finally, the appellant argues that he was denied effective post-trial assistance of counsel because his trial defense counsel failed to submit clemency matters to the convening authority, to include a letter addressed to the convening authority from the appellant. The government agrees. Because of our disposition of this case, we need not decide this issue.

The findings of guilty of Additional Charge I and its Specification and Additional Charge II and its Specification are set aside. Additional Charge I and its Specification and Additional Charge II and its Specification are dismissed. The remaining findings of guilty are affirmed. The sentence is set aside. A rehearing on the sentence may be ordered by the same or a different convening authority.

Judge WERNER and Judge GRAVELLE concur.