UNITED STATES

v.

**Technical Sergeant Richard A. HONEYCUTT, FR 244–84–1489, United States Air Force.**

**ACM 27196.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 22 July 1988.

Decided 26 Jan. 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major Lynne H. Wetzell.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Lieutenant Colonel Robert E. Giovagnoni and Lieutenant Colonel Barret E. Kean, USAFR.

Before LEWIS, BLOMMERS and KASTL, Appellate Military Judges.

## DECISION

BLOMMERS, Judge:

Having elected trial before a military judge, sitting alone, the appellant stands convicted, as charged, of four specifications of taking indecent liberties with or committing indecent acts upon the body of his natural daughter, a child under age 16, all in violation of Article 134, UCMJ, 10 U.S.C. § 934. He entered mixed pleas, guilty to two of the specifications and not guilty to the other two. He was sentenced to a dishonorable discharge, confinement for six years, and reduction in grade to airman basic (E–1). In accordance with the terms of a pretrial agreement, the convening authority reduced the period of confinement to four years and approved the other portions of the sentence as adjudged. Three errors are asserted before this Court.

██ The first two raise questions concerning the statute of limitations and can be dealt with together. Two of the specifications allege acts committed over a period of time commencing on 1 January 1986. The charges were preferred and received by the officer exercising summary court-martial jurisdiction on 3 May 1988. The receipt of sworn charges tolls the statute. Article 43(b), UCMJ, 10 U.S.C. § 843(b). All parties agree that that portion of the time period set forth in the specifications between 1 January and 2 May 1986 extends beyond the two-year statute of limitations

then in effect.[1] The appellant entered pleas of guilty to both these specifications. The military judge did not inform the appellant of his right to assert the statute of limitations in bar of this time period, nor does it otherwise appear in the record that he was aware of this right. R.C.M. 907(b)(2)(B) and 910(e), Discussion. *See also United States v. Tunnell*, 23 M.J. 110, 111 (C.M.A.1986). To this extent his pleas were improvident. We shall correct this by modifying the findings as to these two offenses. No other corrective action is required since it is clear from the record that all incidents of misconduct encompassed within these offenses occurred on or after 3 May 1986.

■ The remaining matter asserted is that the military judge erred by failing to conduct an appropriate inquiry when he accepted a Stipulation of Fact entered into by the parties at trial because it was confessional in nature as applied to Specification 3 of the Charge. *United States v. Bertelson*, 3 M.J. 314 (C.M.A.1977); R.C.M. 811(c), Discussion. The appellant pleaded not guilty to this offense, which alleged that he took indecent liberties with his daughter by masturbating in her presence. We find that the Stipulation of Fact, as modified by the military judge based upon what the appellant told him during the *Care*[2] inquiry, does not constitute a confessional stipulation as applied to this offense. *See generally United States v. Kepple*, 27 M.J. 773 (A.F.C.M.R. 13 December 1988). The military judge did go over the stipulation with the appellant almost word for word to insure its factual accuracy, explained how the stipulation would be used during the trial, advised the appellant of his right not to stipulate, and obtained the consent of all parties, including the appellant, to its contents. No further inquiry was required. However, the same cannot be said with regard to Specification 2 of the Charge, to which the appellant also entered a not guilty plea.

■ In Specification 2, the appellant was charged with committing indecent acts on divers occasions by removing his daughter's outer and under clothing, laying himself upon her and moving his body to simulate intercourse. In a pretrial statement to law enforcement investigators, which was incorporated by reference into the Stipulation of Fact, the appellant denied "ever humping (or acting like I was having sexual intercourse) with my daughter," or ever removing any of her clothes in an effort to do so. Yet at trial, the appellant acknowledged and agreed that the following part of the stipulation was correct ("L." has been substituted for the daughter's name):

> One afternoon in May 1986, when Mrs. Honeycutt was attending a computer school, L. was in her bedroom putting on a jogging suit.... [T]he accused entered the room and began to tickle L. until she fell upon the bed. At that time, L. was lying on her back on the bed. The accused then climbed on top of L., so that they were face to face, started to kiss her face and neck, and moved his body against hers in a manner simulating intercourse. The accused remained on top of L., continuing the movements, for approximately 10 minutes, stopping when he had to pick Mrs. Honeycutt up from school.

The stipulation establishes directly or by clear implication every element of the offense charged, taking indecent liberties with a child (the victim's age is established in another part of the stipulation). *See* MCM, Part IV, paragraph 87(b)(1) (1984). Admittedly, it does not establish all of the allegations set forth in the specification, i.e., that the act was committed on divers occasions and that the appellant removed his daughter's clothing, but a conviction of the offense charged is not dependent on those allegations. They could be viewed as

1. Section 805 of Public Law 99–661 extended the statute of limitations to five years for offenses committed on or after 14 November 1986. National Defense Authorization Act for Fiscal Year 1987, Title VIII, Section 805, 100 Stat. 3909 (codified as amended at 10 U.S.C. Sec. 843 (1986)).

2. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

merely aggravating (or duplicitous) circumstances, and excepting them neither produces a "lesser included offense" nor requires the Government to produce any further evidence in order for a finding of guilty to be returned. *See United States v. Kepple,* 27 M.J. at 778–79; MCM, Part IV, paragraph 87(d) (1984). The defense presented no evidence on the merits at trial, nor made argument contesting any potential remaining issue as to this offense. We find that the so-called *Bertelson* rule was triggered, and further inquiry required. *United States v. Kepple, supra; United States v. Hagy,* 12 M.J. 739 (A.F.C. M.R.1981), *pet. denied* 13 M.J. 204 (C.M.A. 1981); R.C.M. 811(c), Discussion.

▉ In addition to the standard inquiry concerning stipulations of fact (*see*, e.g., Department of the Army Pamphlet 27–9, *Military Judge's Benchbook*, para. 2–18 (Change 1, 15 Feb 85)), at a minimum, the military judge should obtain, on the record, an acknowledgement from the accused that the stipulation "practically amounts to a confession" (*United States v. Bertelson,* 3 M.J. at 315, n. 2), that the effect of the stipulation is to alleviate the Government's burden of proof beyond a reasonable doubt as to every element of the offense involved, and that the accused specifically consents thereto. The military judge did not do so in this case. The absence of such inquiry would normally require that the affected specification be set aside.[3] However, under the particular circumstances of this case we do not find it necessary to do so. The stipulation of expected testimony from his daughter relates that on four distinct occasions the appellant got on top of her and moved his body as if to simulate sexual intercourse. On two of these occasions he removed the clothing she had on from the waist down. Implicit in the military judge's finding is acceptance of the daughter's version of what transpired rather than what the appellant admitted doing via the stipulation. We find that there was clearly sufficient evidence of record for the military judge to conclude beyond a reasonable doubt that the appellant was guilty as charged, even if we completely disregard the instance where the appellant admitted the act occurred as set forth in the Stipulation of Fact. Article 66(c), UCMJ, 10 U.S.C. § 866(c). We are equally convinced that the tainted evidence had no effect on the sentence imposed by the military judge. *See United States v. Sales,* 22 M.J. 305 (C.M.A.1986).

▉ One other matter deserves brief comment. Civilian defense counsel who represented the appellant at trial was not administered an oath to perform his duties faithfully as required by Article 42(a), UCMJ, 10 U.S.C. § 842(a). *See also* R.C.M. 807. He was a retired Air Force judge advocate. He announced his qualifications and stated that while in service he was certified pursuant to Article 27, 10 U.S.C. § 827. The military judge then stated: "[D]o you understand that you are on your oath before this court?" Defense counsel replied in the affirmative. We note that certification under Article 27 has nothing to do with the taking of an oath as required by Article 42. Unless it is established on the record that counsel has taken a onetime oath that is still in effect, counsel should be sworn on the record in every case. *See* Air Force Regulation 111–1, *Military Justice Guide,* paras. 8–10a, 12–12b & c (30 September 88).

As to Specifications 1 and 4 of the Charge, the date of "3 May 1986" is substituted for the date of 1 January 1986 as the commencement date of the period of time alleged therein during which the offenses occurred.

The approved findings of guilty, as modified, and the sentence are correct in law

---

**3.** As noted above, there is a direct conflict between what the appellant said in his pretrial statement regarding this offense (he denied such acts ever occurred) and what he admitted doing as set forth in the stipulation itself. Also as noted, the pretrial statement was incorporated into the stipulation. This inconsistency was not resolved on the record. It should have been. *See* DA Pam. 27–9, para. 2–18, Note (Change 1, 15 Feb 85). *Cf.* Article 45(a), UCMJ, 10 U.S.C. § 845(a); *United States v. Collins,* 17 M.J. 901 (A.F.C.M.R.1983), *pet. denied,* 18 M.J. 292 (C.M.A.1984).

and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judges LEWIS and KASTL concur.