UNITED STATES, Appellee,

v.

Richard A. HONEYCUTT, Technical
Sergeant, U.S. Air Force, Appellant.

No. 62,343.
ACM 27196.

U.S. Court of Military Appeals.

Feb. 26, 1990.

For Appellant: *Major Lynne H. Wetzell* (argued); *Colonel Richard F. O'Hair* (on brief).

For Appellee: *Captain Morris D. Davis* (argued); *Colonel Joe R. Lamport* and *Major Terry M. Petrie* (on brief); *Colonel Robert E. Giovagnoni.*

### Opinion of the Court

COX, Judge:

Appellant was tried by general court-martial before a military judge alone. After mixed pleas, he was convicted of all specifications alleging his taking indecent liberties with and committing indecent acts upon his natural daughter, who was then under the age of 16, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934.[1] The military judge sentenced appellant to confinement for 6 years; reduction to pay grade E–1; and dishonorable discharge from the United States Air Force. The convening authority approved the sentence, except that he reduced the confinement to 4 years pursuant to a pretrial agreement. The Court of Military Review approved the findings (with minor modifications) and the sentence. 27 MJ 863 (1989).

We granted review of the following issues:

1. Specifically, appellant pleaded guilty to committing indecent acts (touching his daughter's genital areas and having her touch his)—specification 1, and taking indecent liberties (showing an adult video to his daughter)—specification 4. He pleaded not guilty to committing indecent acts (simulating intercourse by laying on top of his daughter)—specification 2, and taking indecent liberties (masturbating in front of his daughter)—specification 3.

2. The stipulation was orally modified as follows:

### I

WHETHER THE MILITARY JUDGE ERRED BY FAILING TO CONDUCT AN RCM 811(C) INQUIRY BASED ON APPELLANT'S CONFESSIONAL STIPULATION IN PROSECUTION EXHIBIT 1, AS IT APPLIED TO SPECIFICATION 3 OF THE CHARGE.

### II

WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED BY FAILING TO SET ASIDE THE FINDINGS OF GUILTY AS TO SPECIFICATION 2, AFTER FINDING THAT AN RCM 811(C) INQUIRY WAS REQUIRED AND WAS NOT CONDUCTED BY THE MILITARY JUDGE.

As part of his guilty pleas to the indecent act (specification 1) and taking indecent liberties (specification 4), appellant agreed to a stipulation of fact. The stipulation, however, also related facts covering offenses alleged in specifications 2 and 3 to which appellant pleaded not guilty. It is the use, or non-use, of this stipulation as evidence in the contested case that is the subject of this appeal.

The stipulation incorporated by reference much of appellant's confession, which was eventually entered as evidence against him on the remaining specifications. Before receiving the stipulation into evidence during the providence inquiry, the military judge allowed appellant to modify specific facts. In particular, the stipulation was changed to state that, with regard to specification 3, appellant was unaware that his daughter had seen him masturbating.[2] Regarding specification 2, the stipulation stated:

MJ: . . . Is everything in that paragraph [describing specification 3] true and correct?
ACC: No, sir.
MJ: All right. Talk to me about it.
ACC: She accidentally walked in as I was masturbating, and I had the stuff—the tissue that I wiped stuff off with—I looked up and I saw her, and I explained to her what I had done.
MJ: All right. So this paragraph leaves the impression that she walked in and then you masturbated in front of her. You are correcting that to tell me that you were already

One afternoon in May 1986, when Mrs. Honeycutt was attending a computer school, [L.] was in her bedroom putting on a jogging suit ... [T]he accused entered the room and began to tickle [L.] until she fell upon her bed. At that time, [L.] was lying on her back on the bed. The accused then climbed on top of [L.], so that they were face to face, started to kiss her face and neck, and moved his body against hers in a manner simulating intercourse. The accused remained on top of [L.], continuing the movements, for approximately 10 minutes, stopping when he had to pick Mrs. Honeycutt up from school.

In appellant's confession, he denies that he ever "laid on top of her and humped her."

During the providence inquiry for specifications 1 and 4, the military judge questioned appellant to insure that he understood the consequences of entering into the stipulation of fact. The military judge advised appellant that the stipulation could be used as evidence against him and could not be contradicted. He also advised appellant that the stipulation could not be entered into evidence without his consent. The judge further ascertained that appellant had consulted with his counsel before entering into and signing the stipulation. The judge did not, however, advise appellant that the stipulation amounted to a confession for either specification 2 or 3.

The Government's case-in-chief for specifications 2 and 3 included appellant's confession and a photograph of his daughter (in addition to a request that the military judge take into consideration the stipulation of fact). Trial counsel finally offered a stipulation of expected testimony from appellant's daughter, which described the facts of all four specifications in detail. Defense counsel rested without presenting any evidence. Appellant was found guilty of all charges. He now avers that the military judge's failure to advise him that the stipulation of fact amounted to a confession was substantially prejudicial.

masturbating when she walked in. Is this correct?

There are three problems regarding the stipulation. First, the stipulation was orally modified by the military judge during the inquiry into appellant's guilty pleas. This modification, however, was not made on the actual exhibit by the simple expediency of substitutions. At best, the state of the actual stipulation during the contested portion of the trial is somewhat confusing.

Second, trial counsel in his opening statement during the contested portion of the trial referred to the stipulation as evidence of guilt as to the contested specifications. During defense counsel's closing argument, however, the military judge made the following cryptic remark to both counsel:

I really can't consider that portion where we were only interested in the providency of his plea. I can't consider that for any purpose.

This is problematic because it establishes a "Catch 22" situation. If the military judge considered the stipulation, then he was bound to consider it as modified. Viewed even in a light most favorable to the Government, however, the stipulation as modified states that the exposure by appellant in front of his daughter was accidental, thus vitiating any criminal "intent to arouse, appeal to, or gratify the ... sexual desires of the accused, the victim, or both." Para. 87b (2)(e), Part IV, Manual for Courts-Martial, United States, 1984. If, on the other hand, the stipulation of fact was not considered by the military judge, then appellant was denied the exculpatory evidence to which the Government had agreed to be bound; i.e., that appellant had no criminal intent. See RCM 811(e), Manual, supra. Indeed, the Government in its brief agreed that "[t]he military judge could not have rationally entered a plea of guilty to the offense based upon the modified stipulation."

The third problem concerns the adequacy of the military judge's inquiry into the "confessional" aspect of the stipulation, that is whether the inquiry under United

ACC: Yes, sir.

*States v. Bertelson,* 3 MJ 314 (CMA 1977), was provided.

▆ Although we will address whether the stipulation of fact amounted to a confession for specification 2 (committing indecent acts), we rule initially that the finding of guilty to specification 3 (taking indecent liberties) cannot stand because appellant was substantially prejudiced by the confused resolution of the stipulation of fact and by the uncertainty of whether it was actually considered by the military judge. As we stated above, if the military judge considered the stipulation, then the Government was bound not to contradict the stipulated fact that appellant had no criminal intent. RCM 811(e). If the military judge did not consider the stipulation, as he seems to indicate, then appellant was still deprived of the benefit of a stipulation of fact that he had no criminal intent regarding specification 3.

Before a confessional stipulation can be accepted into evidence, *Bertelson* provides that the military judge "must ... ascertain from the accused ... that a factual basis exists for the stipulation," 3 MJ at 317; he must "expressly communicate to the" accused that the stipulation cannot "be accepted without his consent"; that the Government still bears "the burden of proving" his guilt "beyond a reasonable doubt ... and that by stipulating ..., the accused alleviates that burden." *Id.* at 316. Finally, he must ensure that the accused understands the contents and effect of the stipulation.[3] According to the Discussion to RCM 811(c)[4]:

A stipulation practically amounts to a confession when it is the equivalent of a guilty plea, that is, when it establishes, directly or by reasonable inference, *every element* of a charged offense and when the defense does not present evidence to contest any potential remaining issue on the merits.

(Emphasis added).

▆ The stipulation as it applied to specification 2 set out in detail how appellant came into his daughter's bedroom one afternoon and intentionally climbed on top of her, "simulating intercourse." Although appellant did not stipulate his intent at the time of this act, the reasonable inference is that his intent was to arouse or gratify his sexual desires. Thus, appellant could have been found guilty upon his stipulation alone. It is precisely this circumstance which requires an appropriate inquiry.[5] The military judge erred by not making such an inquiry.

▆ In examining the totality of the circumstances surrounding this case, we are convinced that appellant was not prejudiced by the military judge's failure to conduct a *Bertelson* inquiry. The judge had before him the detailed stipulated testimony by appellant's daughter which set out all of the offenses committed by appellant, as well as appellant's confession. As found by the Court of Military Review, there was sufficient independent evidence from which the trier of fact could conclude beyond a reasonable doubt that appellant had committed the unlawful acts alleged in specification 2 of the Charge. The Court of Military Review was likewise convinced that the error had no impact on appellant's sentence. *United States v. Honeycutt,* 27 MJ at 866. Absent prejudice to an accused,

---

3. *See also United States v. Aiello,* 7 MJ 99 (CMA 1979); *cf. United States v. Long,* 3 MJ 400 (CMA 1977).

4. Under *United States v. Bertelson,* 3 MJ 314 (CMA 1977), and RCM 811(c), Manual for Courts–Martial, United States, 1984, the military has more stringent procedures for admission of a confessional stipulation than those existing in Federal civilian courts. *See United States v.*

*Ferreboeuf,* 632 F.2d 832 (9th Cir.1980), *cert. denied,* 450 U.S. 934, 101 S.Ct. 1398, 67 L.Ed.2d 368 (1981); *see also United States v. Robertson,* 698 F.2d 703 (5th Cir.1983); and Fed.R.Crim.P. 11.

5. Stated simply, if the Government can rest its case upon a stipulation of fact, it is a "confessional stipulation." Under that circumstance,

this error does not require reversal. *United States v. Davis*, 26 MJ 445, 450 (CMA 1988).

The decision of the United States Air Force Court of Military Review is reversed as to specification 3 of the Charge; the finding of guilty thereon is set aside and that specification is dismissed; in all other respects the decision below is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.

---

an appropriate inquiry is required, and the failure to do so is error. There is no practical difference between a stipulation which admits the Government's case and a guilty plea, as it relates to an accused's entering into the agreement "voluntarily and knowingly." We face this issue more squarely in *United States v. Kepple*, Docket No. 62279/AF, *pet. granted*, 28 MJ 443 (C.M.A.1989). *See* 27 MJ 773 (AFCMR 1988).