OPINION OF THE COURT
BECKER, Judge:
This case requires us to decide whether the military judge made a reviewable “ruling” concerning the privilege against adverse spousal testimony (see Mil.R.Evid. 504(a)) and, if so, whether the appellant preserved the “ruling” for our review. We resolve both ends of this issue against the appellant.
In a prosecution based on the results of a random inspection urinalysis (see Mil.R.Evid. 313(b)), members convicted the appellant, contrary to his pleas, of a single specification of using cocaine, in violation of Article 112a, UCMJ.[1] His approved sentence is a bad-conduct discharge, confinement for 6 months, and reduction to E-1. Appellant asserts two assignments of error. We reject both and affirm.
In an Article 39(a)[2] session at the close of the prosecution’s case-in-chief, the defense informed the military judge that it intended to call the appellant’s wife to testify that she had never seen her husband use illegal drugs. The defense then announced the appellant’s wife would invoke her privilege not to testify against her husband under Military Rule of Evidence 504(a), and refuse to answer any cross-examination questions. In response, the prosecution stated its intention to ask the appellant’s wife about opportunities he could have used drugs without her knowledge, and also questions about their financial condition and state of their marriage. The defense maintained the appellant’s wife would assert a privilege not to answer any of these questions.
Following this exchange, the military judge said:
Well, defense, I would think that when you ask the question “You’ve never seen your husband use drugs?” I think the trial counsel can certainly ask, “Are you with your husband all the time? Are you aware your husband goes to this place?,” if they have good faith basis for asking that question____ I’ll just state that it appears, from what counsel has outlined, that those would be appropriate areas of inquiry for the trial counsel if [the appellant’s wife] testifies, even if she testifies only on that one question. So, I would be inclined to rule along those lines, based on what I’ve heard so far. If we needed to actually hash it out in a 89(a), we could. But, once you talk to each other and decide what you’re going to do, let me know.
(Emphasis added). After a short recess, the defense counsel asked the military judge “[h]ad you ruled that this sort of questioning would be allowed?” The military judge did not answer directly, but said:
Under Military Rule of Evidence 504(a), she has the right to refuse to testify at all against her spouse. If she comes in here, it seems to me that at least some of the areas outlined by [the trial counsel] would qualify as proper questions for the witness.
(Emphasis added). The defense counsel replied “[b]ased on that ruling, then, we will not be calling her.” Appellant now assigns this “ruling” as error.
Before we can reach the merits of the appellant’s arguments, we first must decide if there is anything for us to review. We hold there is not, for two independent reasons. First, the military judge never “ruled.” Second, even assuming there was a “ruling,” the appellant did not preserve it for appellate review.
Turning to the first reason, we hold that the military judge never made a “ruling” *708 subject to appellate review. To allow review of a “ruling” admitting evidence, the record must show a timely objection or, if the matter is already before the trier of fact, a timely motion to strike. Mil.R.Evid. 103(a)(1); see also Stephen A. Saltzburg et al, Military Rules of Evidence Manual at 22 (3d ed. 1991). A motion in limine to exclude evidence (see R.C.M. 906(b)(13)) qualifies as an “objection” preserving a ruling for review — if the military judge rules. United States v. Gamble, 27 M.J. 298, 306-07 (C.M.A.1988). However, nothing requires a military judge to make evidentiary rulings in limine on demand; he has considerable discretion to defer a ruling until the evidence is actually offered at trial, thereby more fully defining the context for his ruling. United States v. Cannon, 33 M.J. 376, 381-82 (C.M.A.1991); Gamble, 27 M.J. at 306. Even where a military judge has made a preliminary or tentative ruling, subsequent events may require the defense to make further objections or risk losing the issue for appeal. See United States v. Johnson, 35 M.J. 17, 21 (C.M.A.1992) (trial counsel’s questions exceeded those permitted by ruling in limine; failure to object held waiver); United States v. Bledsoe, 26 M.J. 97, 102 (C.M.A.) (defense objected in trial counsel’s opening statement, but failed to object to testimony; held waiver), cert, denied, 488 U.S. 849, 109 S.Ct. 129, 102 L.Ed.2d 102 (1988); United States v. Klein, 20 M.J. 26, 30 (C.M.A.) (Everett, C.J., concurring) (military judge did not categorically exclude character evidence; defense waived issue by not offering such evidence), cert denied, 474 U.S. 1009, 106 S.Ct. 534, 88 L.Ed.2d 465 (1985).
Here, the appellant never made an objection or motion in limine to prevent cross-examination of the appellant’s wife after she asserted the spousal privilege. The defense counsel’s actions were equivalent to wetting a finger to see which way the wind was blowing, and nothing more. This is not what the drafters of Military Rule of Evidence 103(a)(1) had in mind as a predicate for an appellate assignment of error. See Saltzburg at 18 (“responsibility for raising and preserving appellate issues [is] squarely and almost entirely upon counsel”; “if a proper record is not made at trial, no relief’; rule intended to avoid “careless litigation below” and “sloppy handling of issues”; absence of proper record leads to “inappropriate decisions and inconsistent reasoning by an appellate court”).
Even if we generously accord the defense counsel’s actions the status of an objection or motion in limine, the record shows the military judge deferred any final ruling until the appellant’s wife testified and there was an attempt at cross-examination. The defense counsel tried to label the judge’s comments as a “ruling,” but this was a mischaracterization. Although rulings are subject to reconsideration in most cases (see R. C.M. 801(e)(1)(B)), it is the concept of finality that sets a judge’s “rulings” apart from the thousands of lesser words he speaks during a trial. See R.C.M. 801(e)(1)(A). Here, the military judge declined to define the scope of the spousal testimonial privilege based only on proffers of counsel. At best, he gave only a tentative indication of how he would rule, conditioned on events panning out as advertised by counsel. Therefore, to preserve this issue for appeal, the defense was obliged to call the appellant’s wife as a witness, conduct a direct examination, allow her to assert the privilege (if she wanted), and lodge timely objections to cross-examination thereby (perhaps) producing adverse rulings.
This brings us to our second reason for finding no renewable issue. Even if we assume the military judge made an otherwise reviewable “ruling,” the appellant failed to preserve the issue for appeal when he decided not to call his wife to the witness stand.
In Luce v. United States, 469 U.S. 38, 105 S. Ct. 460, 83 L.Ed.2d 443 (1984), the Supreme Court held that a defendant must testify to preserve for appellate review a judge’s ruling in limine allowing the defendant’s impeachment by a prior conviction. The Court explained that, without the actual testimony, any harm flowing from the use of the conviction was wholly speculative, noting that the ruling in limine was subject to change based on the actual testimony, as was the prosecutor’s decision whether to use the conviction. The Court also reasoned that *709 appellate review of the ruling in limine, in absence of the defendant’s testimony, frustrated application of the harmless error standard.
The Luce rule applies at courts-martial. United States v. Sutton 31 M.J. 11, 18 (C.M.A.1990). The reasons for the rule support its application, not just when an accused decides not to testify after an adverse preliminary ruling, but also when the defense declines to call other witnesses after losing a motion in limine. United States v. Gee, 39 M.J. 311, 313 (C.M.A.1994); Sutton.
The rationale behind the Luce line of cases fully applies here. It would be highly speculative to assume the military judge’s “ruling” would have remained vital and unchanged had the appellant’s wife testified. The spousal privilege against adverse testimony was hers alone to assert or waive. Mil.R.Evid. 504(a); Trammel v. United States, 445 U.S. 40, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980); United States v. Hughes, 28 M.J. 391, 393 (C.M.A.1989). We do not know if she would have attempted to assert the privilege to every cross-examination question, if she asserted it at all. Nor do we know if the trial counsel would have followed through completely on her stated cross-examination intentions. Therefore, had the appellant’s wife taken the stand, the whole issue could have easily become moot. Even if the proffers proved substantially accurate, we cannot conclude the military judge would not have changed his mind when faced with her actual testimony, instead of the artificially sterile context presented by the offers of proof. Finally, assuming the military judge erred in his preliminary “ruling,” the defense’s failure to call the appellant’s wife prevents us from carrying out our statutory mandate to grant relief only for errors prejudicial to the substantial rights of the appellant. See Article 59(a), UCMJ.[3] How can we decide if this presumably erroneous cross-examination is harmful if the witness never testifies?
At trial, the defense failed to require the military judge to rule on this privilege issue, and further failed to preserve any vestiges of a “ruling” when it declined to call the appellant’s wife as a witness. Either one of these tactical choices, standing alone, requires us to reject this assignment of error without reaching its substantive merits.
In his remaining assignment of error, the appellant contends the evidence is factually insufficient to support his conviction for cocaine use. We disagree. The evidence persuades us of the appellant’s guilt beyond a reasonable doubt. Article 66(c), UCMJ;[4] United States v. Turner, 25 M.J. 324, 325 (C.M.A.1987).
The findings and sentence are correct in law and fact. Accordingly, they are
AFFIRMED.
Senior Judge PEARSON and Judge MORGAN concur.

. 10 U.S.C. § 912a (1988).

. Article 39(a), UCMJ, 10 U.S.C. § 839(a) (1988).

. 10 U.S.C. § 859(a) (1994).

. 10 U.S.C. § 866(c) (1994).