**UNITED STATES, Appellee**

v.

**Ronald E. DIXON, Jr., Private First Class, U.S. Army, Appellant.**

No. 95–0492.
Crim. App. No. 9400944.

U.S. Court of Appeals for
the Armed Forces.

Argued Feb. 1, 1996.

Decided Sept. 24, 1996.

For Appellant: *Captain Norman R. Zamboni* (argued); *Colonel Stephen D. Smith, Lieutenant Colonel John T. Rucker, Captain Michael E. Hatch, Captain Walter S. Weedman* (on brief); *Major Roy H. Hewitt.*

For Appellee: *Captain Jinny Chun* (argued); *Colonel John M. Smith, Lieutenant Colonel Eva M. Novak, Captain John W. O'Brien* (on brief).

*Opinion of the Court*

SULLIVAN, Judge:

On May 26, 1994, appellant was tried by a military judge sitting alone as a general court-martial at Camp Henry, Republic of Korea. On mixed pleas, he was found guilty of wrongfully stealing mail (3 specifications),

in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. He was then sentenced to a dishonorable discharge, confinement for 18 months, total forfeitures, and reduction to Private E–1. On August 5, 1994, the convening authority approved the sentence as adjudged. On December 20, 1994, the Court of Criminal Appeals affirmed the findings of guilty and the sentence in an unpublished opinion.

Appellant filed a petition for grant of review in this Court on February 28, 1995. On June 28, 1995, we granted review of the following issue:

> WHETHER THE MILITARY JUDGE ERRED BY NOT CONDUCTING AN INQUIRY PURSUANT TO *UNITED STATES V. BERTELSON*, 3 MJ 314 (CMA 1977), WHEN THE STIPULATION OF FACT, AND PARTICULARLY THE STATEMENT "I DO KNOW THAT HILLARD IS STILL ON CAMP HIALEAH" CONTAINED THEREIN, CONSTITUTED A CONFESSION TO SPECIFICATION 3 OF THE CHARGE. *BUT SEE UNITED STATES V. FLOYD*, 31 MJ 755 (ACMR 1990).

We conclude that the military judge did not err in failing to conduct a *"Bertelson* inquiry" in this case because appellant's intent to steal was not "effectively" established by his stipulation of fact, and this element of the offense was actively contested in his subsequent trial. *United States v. Bertelson, supra* at 317; *United States v. Dulus*, 16 MJ 324, 327 (CMA 1983) (element of exclusive possession contested); *United States v. Long*, 3 MJ 400, 401 (CMA 1977) (element of wrongfulness contested).

Appellant pleaded guilty to specifications 1 and 2 but not guilty to specification 3 of the Charge of stealing mail in violation of Article 134.[1] In conjunction with these mixed pleas, and as required by his pretrial agreement, he entered into a stipulation of fact. The por-

tion of that stipulation pertinent to this appeal states:

12. Additionally, during the 4 November 1993 search of the accused's room, the CID [Criminal Investigation Command] seized an authorization card containing the name of Billy B. Hillard. This card contained no postage, indicating that it had been delivered in an envelope. The card indicated that the addressee must return the card to sender to verify placement of an order for merchandise. The card had not been signed by the addressee.

13. The accused had removed the parcel of mail addressed to Billy B. Hillard on or about 30 September 1993 from the 66th AG Camp Hialeah post office.

14. The accused did not have the permission of Billy B. Hillard, or anyone else, to remove this parcel from the post office.

15. Billy B. Hillard never received the parcel of mail. The parcel was never delivered to his address.

16. Billy B. Hillard still maintained the address listed on the card when the accused removed the parcel of mail from the post office. Mr. Hillard's mailing address was post office box # 172 at the Camp Hialeah post office. This parcel was deliverable to the listed address.

17. In a statement given to CID on 4 November 1993 the accused stated, "I do know that Hillard is still on Camp Hialeah."

18. The accused had no intention of returning the parcel addressed to Billy B. Hillard to the post office or to Mr. Hillard.

19. The accused was trained in postal procedures, and was aware that any mail, including bulk mail, which is deliverable, must be delivered to the addressee.

Prior to trial on the merits, the military judge recognized the potentially confessional nature of the stipulation, and he asked whether he should conduct a *"Bertelson* in-

---

1. Specifications 1 and 2 alleged that appellant wrongfully stole certain mail matter on divers occasions, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. These specifications are not the subject of this appeal. The granted issue only relates to specification 3, which states:

In that PFC Ronald E. Dixon, Jr., did, at Camp Hialeah, Republic of Korea, on or about 30 September 1993, wrongfully steal certain mail matter, to wit: a package addressed to Billy B. Hillard, which said package was then in the Camp Hialeah Post Office before said package was delivered to the addressee.

quiry." The following colloquy then occurred between the military judge and defense counsel:

MJ: What element are you saying is missing there on the facts relating to specification three?

DC: Your Honor, specification three, as charged, alleges a larceny of mail matter. *Obviously for a larceny there has to be criminal intent—the intent to permanently deprive someone who they know has a greater right to the possession of the property than they do,* and of the use and benefit, and to do so wrongly. That is missing. There is no fact that would contain that element with the stipulation of fact. It is a contested issue.

MJ: That is a contested issue in the case, so I will be hearing evidence going to that issue? Is that what you are saying?

DC: Yes, sir.

MJ: All right. With that announcement, my concerns there are alleviated. My concern was that we had what appeared to be a confessional stipulation. I realize that the intent to steal may not have been in there, but from the stand-point of inferences that might be drawn from the facts contained therein, I wanted to be sure that that issue was, in fact, still in dispute, and whether the defense would—or whether either side would be indicating that we were going to hear some evidence to that issue. It appears that we are.

(Emphasis added.) Defense counsel later presented evidence tending to negate the element of specific intent through the testimony of appellant and of a command postal officer. Appellant basically contended that this was "bulk mail," which had been placed in the undeliverable pile, so he believed he could take it.

At the close of the Government's case-in-chief, the defense moved for a finding of not guilty to this specification pursuant to RCM 917, Manual for Courts–Martial, United States, 1984. In response to the motion, trial counsel argued, "The Government believes that the stipulation of fact, alone, provided proof of all the elements of the crime. . . . [T]he court should look at the surrounding circumstances." The military judge denied the defense motion, and appellant was later found guilty of this specification.

— — —

■ Contrary to his position at trial, appellant now contends that his stipulation of fact admitted all the elements of the offense of stealing mail matter. Thus, he argues that it effectively amounted to a guilty plea and triggered the inquiry required by *United States v. Bertelson*, 3 MJ at 317. In *Bertelson*, this Court held that the military judge must follow certain procedures before a *confessional* stipulation of fact is received into evidence. *Id.* at 315–17; *see United States v. Watruba*, 35 MJ 488, 490 (CMA 1992).

■ The underlying rationale for the *Bertelson* rule is similar to the considerations "which led [this Court] to adopt the *Care*[2] inquiry" where an accused has entered a plea of guilty. *Bertelson, supra* at 316–17. That rationale is based upon the fundamental notion that an accused's formal admissions to a crime in court should not be accepted unless knowingly and voluntarily made. *See Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969); *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *accord United States v. Care*, 18 USCMA 535, 539, 40 CMR 247, 250–51 (1969).

■ A confessional stipulation constitutes a *de facto* plea of guilty. *Bertelson, supra* at 315 n. 2; RCM 811(c), Discussion. Although "significant legal differences exist between, on the one hand, pleading not guilty but agreeing to a confessional stipulation and, on the other, pleading guilty," *see Watruba*, 35 MJ at 491, a confessional stipulation is the practical equivalent of pleading guilty to the charge. *See Bertelson, supra* at 315 n. 2; *United States v. Honeycutt*, 29 MJ 416, 419 (CMA 1990); RCM 811(c),

---

2. *United States v. Care*, 18 USCMA 535, 40 CMR 247 (1969).

Discussion; *see also. United States v. Watruba*, 35 MJ at 490 n. 1 ("The true basis of *Bertelson*—and the *only* basis—was Article 45(a)"); Art. 45(a), UCMJ, 10 USC § 845(a) (discussing acceptance of guilty plea).

 Nevertheless, a stipulation practically amounts to a confession for purposes of *Bertelson only* "when it establishes directly or by reasonable inference, *every* element of a charged offense and when the defense does not present evidence to contest any potential remaining issue on the merits." *United States v. Honeycutt, supra* at 419, *quoting* RCM 811(c), Discussion. A corollary to this proposition is that a stipulation which does not establish directly or by reasonable inference every element of a charged offense is not a confessional stipulation. *See, e.g., United States v. Kepple*, 30 MJ 213 (CMA 1990) (summary disposition) (holding that "the stipulation of fact was not confessional" because it "did not conclusively establish" intent element for crime of desertion); *United States v. Dulus*, 16 MJ at 327; *United States v. Long*, 3 MJ at 402 (concluding that appellant did not stipulate to wrongfulness of drug-possession charge). Moreover, the rule does not apply where an accused presents evidence *actively contesting* an element of the offense.

The elements of stealing mail matter under Article 134 are:

(a) That the accused *stole* certain mail matter;

(b) That such stealing was wrongful;

(c) That the mail matter was stolen by the accused before it was delivered to or received by the addressee; and

(d) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

Para. 93b, Part IV, *Manual, supra* (emphasis added). Stealing in this context means a taking with the specific intent permanently to deprive or defraud another of the use and benefit of the property or permanently appropriate the property to the thief's own use or the use of any person other than the owner. Para. 46c(1)(f), Part IV, *Manual, supra*.

Appellant argues that his stipulation of fact established his guilt to the crime of stealing mail. That stipulation did establish that appellant removed a parcel of mail addressed to Mr. Hillard from the mail without the permission of Mr. Hillard or anyone else. It also established that appellant did not intend to return the parcel to the addressee. However, these admitted facts only satisfy two elements of the offense of stealing mail matter. *See* para. 93b(2)(a) and (c), Part IV. Absent from the facts contained in the stipulation is an express admission that appellant's removal of this mail matter was done with an intent to steal. *See* paras. 93b(1)(d) and 46c(1)(f), Part IV.

Appellant also contends that the stipulation of fact was confessional because trial counsel himself stated to the military judge that "the stipulation of fact alone" proved that appellant stole mail matter. Although a strong suggestion of an intent to steal arises from the stipulation of fact, defense counsel expressly renounced its construction in that manner. *See also United States v. Baytank (Houston)*, 934 F.2d 599, 606–07 (5th Cir. 1991) (Invited–Error Doctrine). Moreover, trial counsel made his argument in response to defense counsel's motion for a finding of not guilty under RCM 917. He later argued more particularly that the defense motion should be denied based on the stipulation and the testimony of Second Lieutenant (LT) Denina. LT Denina testified that no mail could be taken home by postal employees and that stealing mail was bad for servicemembers' morale. Accordingly, in this context, appellant's argument regarding the reasonable import of his stipulation is not persuasive.

Finally, appellant affirmatively adduced evidence that he took the mail alleged in this specification without the required intent to steal. He attempted to raise a reasonable doubt of this element of the charged offense by cross-examination of a government witness, LT Denina, the installation postal officer at Camp Hialeah, and by his own testimony. As noted above, LT Denina denied that postal workers could take any mail home but, consistent with appellant's testimony,

admitted that undeliverable magazines ended up in unit dayrooms. Appellant testified that he took "bulk mail" addressed to Mr. Hillard from the undeliverable mail pile, and did not recognize the name of the addressee. Appellant also said that Mr. Hillard's envelope was among the "Attempted Unknown" mail, and he believed that he was permitted to take home mail from the not-deliverable pile. This evidence actively contested the issue of intent and thus precluded any need for a *Bertelson* inquiry. *See also United States v. Turner,* 27 MJ 217, 220–21 (CMA 1988); *United States v. Sicley,* 6 USCMA 402, 411–12, 20 CMR 118, 127–28 (1955).

The decision of the United States Army Court of Criminal Appeals is affirmed.

Chief Judge COX, Judge GIERKE, and Senior Judge EVERETT concur.

CRAWFORD, Judge (concurring in the result):

Based on *United States v. Honeycutt,* 29 MJ 416, 419 n. 5 (CMA 1990)("[I]f the Government can rest its case upon a stipulation of fact, it is a 'confessional stipulation.'"), and the discussion to RCM 811(c), Manual for Courts–Martial, United States (1995 ed.), I agree with the holding of the majority that there was no confessional stipulation in this case requiring the judge to make an inquiry under *United States v. Bertelson,* 3 MJ 314 (CMA 1977). Based on the narrow holding in *United States v. Watruba,* 35 MJ 488 (CMA 1992), this Court should examine the continued validity of *Bertelson.* Neither the Manual nor the Uniform Code of Military Justice requires such an inquiry.