UNITED STATES

v.

**Cadet Second Class Curtis KEKOA III, United States Air Force.**

ACM 33907.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 9 Aug. 1999.

Decided 15 March 2001.

Appellate Counsel for Appellant: Colonel James R. Wise and Major Jeffrey A. Vires.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Lieutenant Colonel Ronald A. Rodgers, Major Bryan T. Wheeler, and Major Karen L. Manos.

Before SPISAK, STARR, and HEAD, Appellate Military Judges.

OPINION OF THE COURT

STARR, Senior Judge:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of stealing mail matter, attempting

to steal mail matter, and conspiracy to steal mail matter, in violation of Articles 134, 80, and 81, UCMJ, 10 U.S.C. §§ 934, 880, 881. Contrary to his plea, the appellant was also convicted of violating 18 U.S.C. § 1705 by wrongfully breaking open mailboxes, in violation of Article 134, UCMJ, 10 U.S.C. § 934. His approved sentence is a dismissal.

On appeal, the appellant claims the evidence is legally insufficient to support his conviction for violating 18 U.S.C. § 1705. In the alternative, he says if the evidence is legally sufficient, because he stipulated to all the facts necessary for his conviction, the military judge incorrectly advised him of the meaning and effect of his "confessional" stipulation. The appellant asks that we set aside the affected specification. As to sentence relief, he is silent. We find no prejudicial error and affirm the findings and sentence. Article 59(a), UCMJ, 10 U.S.C. § 859(a).

## THE STIPULATION

At trial, the facts of the case were undisputed. The appellant and his co-conspirator decided to steal fellow cadets' mail from mailboxes in the cadet mailroom at the United States Air Force Academy. Most of their efforts were unsuccessful because the boxes were locked, but some were not. On several occasions they opened latched but unlocked mailboxes and stole the contents. The appellant's opening of the unlocked mailboxes resulted in the allegation under 18 U.S.C. § 1705.

The appellant entered a pretrial agreement with the convening authority which required him to plead guilty to the larcenies, attempted larcenies, and the conspiracy but allowed him to plead not guilty to the 18 U.S.C. § 1705 violation. The only issue pertaining to that specification was whether opening the unlocked mailboxes in order to steal the contents violated the statute, which prohibits the "breaking open" of letter boxes.

Procedurally, the parties tried the case in a manner not uncommon in mixed plea judge alone trials; that is, entering one stipulation that contained facts to support the guilty pleas as well as additional facts for use on the contested specification. See United States v. Honeycutt, 29 M.J. 416 (C.M.A.

1990). The military judge conducted the guilty plea inquiry, accepted the guilty pleas but entered no findings, and then heard the case on the contested specification. After considering the evidence and the arguments of counsel, the judge convicted the appellant of the 18 U.S.C. § 1705 violation and entered findings of guilty to all charges and specifications.

The appellant claims the parties used the wrong procedure, that the appropriate vehicle for litigating the meaning of "breaks open" in the statute was a pre-plea motion. The trial defense counsel, however, made no motion, and from our reading of the record, the defense counsel and the appellant were in full accord as to the method for litigating the issue. The military judge did not abuse his broad discretion by hearing the issue on the merits of the contested specification rather than in a pretrial motion. Rule for Courts–Martial (R.C.M.) 801(a)(3); See also United States v. Mosley, 42 M.J. 300, 303 (1995) (military judge's broad discretion in procedural matters); United States v. Jones, 43 M.J. 708, 709–10 (A.F.Ct.Crim.App.1995) (discussing military judge's broad discretion in motions practice and defense counsel's responsibility in obtaining rulings).

The appellant also claims that the military judge "misunderstood" what a confessional stipulation is, and that he and both counsel were "confused" in their approach to the stipulation. The appellant maintains the military judge erred by not conducting a complete Bertelson inquiry before accepting the stipulation as it pertained to the contested specification. See United States v. Bertelson, 3 M.J. 314 (C.M.A.1977).

We reject this contention for three reasons. First, the appellant did not stipulate away all the elements of the contested specification. He stipulated that he opened latched but unlocked mailboxes, but he did not stipulate to a statutory violation. The stipulation was not, therefore, "the equivalent of a guilty plea" to the contested specification. See R.C.M. 811(c), Discussion; United States v. Dixon, 45 M.J. 104 (1996); United States v. Kepple, 27 M.J. 773 (A.F.C.M.R.1988), aff'd, 30 M.J. 213 (C.M.A.

1990); *United States v. Pena,* 48 M.J. 558, 561–62 (A.F.Ct.Crim.App.1998). Additionally, the military judge did not rely solely upon the stipulation in deciding the contested specification. He had before him the appellant's sworn pretrial inculpatory statement and a videotape of the appellant and his co-conspirator opening and attempting to open cadet mailboxes. He also had the arguments of both counsel, each containing their respective views on whether the appellant's acts amounted to a statutory violation. The defense counsel argued vigorously that they did not. Finally, before accepting the stipulation, the judge conducted an inquiry of the appellant and the defense counsel which essentially tracked that contemplated by *Bertelson.* The appellant's characterization of the judge and litigants as "confused" in their approach is simply unwarranted. The judge and the parties knew exactly what they were doing, and the judge's inquiry before accepting the stipulation fully comported with R.C.M. 811(c). We therefore reject this claim of error.

### 18 U.S.C. § 1705

The appellant claims the evidence is legally insufficient because his acts did not amount to a statutory violation. The statute, 18 U.S.C. § 1705, provides:

> Whoever willfully or maliciously injures, tears down or destroys any letter box or other receptacle intended or used for the receipt or delivery of mail on any mail route, or breaks open the same, or willfully or maliciously injures, defaces or destroys any mail deposited therein, shall be fined under this title or imprisoned not more than three years.

The appellant claims on appeal, as he did at trial, that the plain language of the statute requires physical damage to the box if one is to be convicted of "breaking open" the box. Not so, according to the government. The government contends the military judge was correct in concluding:

> [T]he court has accorded the term "breaks open" as it is used in Title 18, United States Code, Section 1705, its plain meaning. The court does not infer from that language any requirement that damage or violence have been done to the letter box.

Indeed, other prohibitions in the same section deal with damage and destruction of any letter box or other receptacle intended or used for the receipt or delivery of mail. The meaning of "breaks open" is any unauthorized movement of an obstruction to the removal of the contents of any letter box, without which the contents of the letter box could not have been removed.... [T]he offense may be accomplished by swinging open an unlatched letter box door that was sufficiently closed to preclude removal of any mail it contained. The offense may be accomplished by unlatching the door of an unlocked letter box and opening it sufficiently to allow removal of any mail it contained. The offense may be committed by unlocking, with or without force, a locked letter box, and opening the door sufficiently to allow removal of any contents of the letter box. None of these actions cause perceptible damage to the letter box, but all of them constitute a "breaking open." On the undisputed facts of this case, the cadet mailboxes from which mail was stolen were latched but unlocked. The accused unlatched them and opened the door sufficiently to allow removal of the mail they contained. This was sufficient to constitute a breaking open of those letter boxes, in violation of Title 18, United States Code, Section 1705.

■ We review a military judge's legal conclusions de novo. *United States v. Baldwin,* 54 M.J. 551, 553 (A.F.Ct.Crim.App. 2000). This statute is part of a comprehensive statutory scheme intended to ensure the safe and speedy transit and prompt delivery of the mails and mail matter. *See United States v. Maxwell,* 137 F.Supp. 298, 302 (W.D.Mo.1955), *aff'd,* 235 F.2d 930 (8th Cir. 1956). In the different sections (18 U.S.C. §§ 1701–1708), Congress has delineated various common law crimes as the means by which an offense against the postal laws may be committed. *Id.* at 303. Under the common law definition, "breaking" does not require any physical damage. It requires merely the pushing aside of any obstruction to entry. *Manual for Courts–Martial, United States,* Part IV, ¶ 55c. (2) (1998 ed.). Moreover, contrary to the appellant's posi-

tion, "breaking," as in "doing damage to," and "breaking open" are not synonymous. *See Sabbath v. United States,* 391 U.S. 585, 589–90, 88 S.Ct. 1755, 20 L.Ed.2d 828 (1968); *United States v. Pratter,* 465 F.2d 227, 230 (7th Cir.1972); *Keiningham v. United States,* 287 F.2d 126, 130 (D.C.Cir.1960); *United States v. Chapman,* 384 F.Supp. 1232, 1236 (S.D.Fla.1974), *aff'd,* 523 F.2d 1054 (5th Cir. 1975) ("breaking open" in 18 U.S.C. § 3109, permitting police to break open door to execute a search warrant if refused admittance includes opening a closed but unlocked door). There is simply no sound reason to infer a "damage to the box" requirement from the plain language of the statute. *See United States v. Starr,* 51 M.J. 528, 532 (A.F.Ct. Crim.App.1999), *aff'd,* 53 M.J. 380 (2000) (if the terms are unambiguous, the inquiry is over). We find no error in the military judge's interpretation of "breaking open," and we adopt the judge's legal conclusions as our own.

Because we agree with the military judge that the appellant violated 18 U.S.C. § 1705 by opening mailboxes in order to steal undelivered mail contained in them, we find the evidence legally and factually sufficient to support his conviction. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Turner,* 25 M.J. 324 (C.M.A.1987); *United States v. Tanner,* 53 M.J. 778, 781–82 (A.F.Ct.Crim.App.2000).

The findings and the sentence are correct in law and fact, and no error prejudicial to the appellant's substantial rights occurred. Accordingly, the findings and the sentence are

AFFIRMED.